Lee SHEAR, Appellant,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.

No. 11266.

United States Court of Appeals Fourth Circuit.

Oct. 5, 1967.

Lee Shear, pro se.

C. Donald Robertson, Atty. Gen. of West Virginia, Charleston, W. Va., for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, and BUTZNER, Circuit Judges.

## MEMORANDUM DECISION

PER CURIAM.

Lee Shear, a West Virginia prisoner, appeals from an order of the District Court (Maxwell, J.) denying his petition for habeas corpus. The District Court granted Shear a certificate of probable cause to appeal.

In 1964 Shear pleaded guilty to two felony charges and was sentenced to concurrent ten-year terms. Later that year the District Court, in a habeas corpus proceeding, found these convictions invalid and ordered Shear released or retried. The state chose to reprosecute Shear and in separate trials he was reconvicted of both charges by juries. This time, however, his punishment was fixed by the court at two consecutive fifteen-year sentences. In his petition in the District Court, Shear complained that this increased sentence after retrial was unconstitutional.

■ The District Court rejected Shear's argument.[1] However, since the date of the District Court's opinion, this Court has held it to be a violation of constitutional guarantees to increase punishment on a retrial. Patton v. State of North Carolina, 381 F.2d 636 (4th Cir.), rehearing en banc denied, Sept. 5, 1967. We feel it appropriate, therefore, to remand the present case to the District Court for its consideration in the light of Patton.[2]

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.

1. 263 F.Supp. 855 (N.D.W.Va.1967).

2. The District Court also declined to consider Shear's claim based on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), on the ground that Shear had not exhausted his state remedies. Our review of the record indicates that while the admissibility of Shear's confession was presented at least at one of the retrials, Shear did not ap-

peal the convictions and has not raised the issue by way of available state post-conviction remedies. Thus, the District Court's ruling that Shear has not exhausted his state remedies with this issue appears correct. Shear did present his increased punishment claim to the West Virginia Supreme Court of Appeals in an unsuccessful habeas corpus petition.