**UNITED STATES of America ex rel. Sandy BARNWELL H–9446**

**v.**

**Alfred T. RUNDLE, Superintendent, Commonwealth of Pennsylvania, Appellant.**

**No. 72–1318.**

United States Court of Appeals, Third Circuit.

Submitted May 4, 1972.

Decided May 10, 1972.

Victor J. DiNubile, Jr., Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., for appellant.

Stewart R. Dalzell, Philadelphia, Pa., for appellee.

OPINION ON APPELLEE'S MOTION FOR RELEASE FROM CUSTODY AND APPELLANT'S CROSS MOTION FOR STAY OF DISTRICT COURT ORDER OF FEBRUARY 3, 1972 PENDING APPEAL.

Before GIBBONS and JAMES ROSEN,* Circuit Judges.

### MEMORANDUM AND ORDER

GIBBONS, Circuit Judge.

In this state habeas corpus case the appellee, a successful petitioner below, moves that he be released from custody as a parolee. The district court, 337 F. Supp. 688, on February 3, 1972 ordered that the writ of habeas corpus be granted unless the Commonwealth retries the petitioner within sixty days. The Commonwealth appealed, but did not seek a stay of the district court order. The sixty days having expired, petitioner seeks to be released from parole supervision. The Commonwealth has filed a cross motion for a stay of the district court's order. Its position is that the notice of appeal should act as a stay of execution of the district court's order.

Fed.R.App.P. 8 provides that application for a stay of the judgment or order of a district court pending appeal shall ordinarily be made in the first instance to a district court. Application for a stay may be made in the first instance to the court of appeals only when application to the district court for the relief sought is not practicable. Such is not the case here. Since the Commonwealth has not applied to the district court for a stay we cannot consider such a motion. The filing of a notice of appeal does not operate as a stay of judgment.

* Judge Van Dusen recused himself in this matter.

Fed.R.App.P. 23(c) provides:

"Pending review of a decision ordering the release of a prisoner in such a [habeas corpus] proceeding, the prisoner shall be enlarged upon his recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order."

This rule makes it clear that pending appeal by the custodian of a prisoner who has successfully obtained a writ of habeas corpus the prisoner is presumptively entitled to release. If the custodian deems release pending appeal to be inappropriate, or if he deems it appropriate to request that bail with surety be fixed, the custodian should first apply to the district judge who rendered the decision.

Fed.R.App.P. 23(d) provides:

"An initial order respecting the custody or enlargement of the prisoner and any recognizance or surety taken, shall govern review in the court of appeals and in the Supreme Court unless for special reasons shown to the court of appeals or to the Supreme Court, or to a judge or justice of either court, the order shall be modified, or an independent order respecting custody, enlargement or surety shall be made."

The only order before us is the order that the writ issue unless the appellee is retried within sixty days. The Commonwealth has set forth no special reasons for its modification. Indeed it has paroled the appellee since the date of the district court's order. Apparently he is no danger to the community. No facts have been called to our attention with respect to his need for parole supervision pending the disposition of the Commonwealth's appeal.

It is, therefore, ordered:

(1) That the motion of the Commonwealth for a stay of the district court's order is denied without prejudice to any application by the Commonwealth to the district court, pursuant to Fed.R.App.P. 23(c) for a modification of the order granting the writ.

(2) That the motion of the appellee that he be released from custody as a parolee is denied without prejudice to an application to the district court for enforcement of its order of February 3, 1972.