Kelly Dean SPARKS, Petitioner,

v.

Honorable Sam GARRISON, Warden of the North Carolina Central Prison, Raleigh, North Carolina,

and

Honorable Rufus Edmisten, Attorney General of the State of North Carolina, Respondents.

No. C–78–76–G.

United States District Court, M. D. North Carolina, Greensboro Division.

March 3, 1978.

Robert S. Cahoon, Greensboro, N. C., for petitioner.

Richard N. League, Asst. Atty. Gen., Raleigh, N. C., for respondents.

## ORDER DENYING TEMPORARY INJUNCTIVE RELIEF

GORDON, Chief Judge.

This matter is before the Court for consideration of the petitioner Kelly Dean Sparks' motion for preliminary relief in his habeas corpus action filed pursuant to 28 U.S.C. § 2254. For the reasons which follow, the Court concludes that the motion should be denied.

On June 30, 1973, the petitioner was arrested and charged with the murder of George L. Lashley, Chief of Police for the city of Gibsonville, North Carolina. Later, at the October 29, 1973, session of the Superior Court of Guilford County, North Carolina, he was convicted of murder and sentenced to death. Subsequently, the petitioner's case was affirmed by the North Carolina Supreme Court and, later, it was reversed by the United States Supreme Court. Presently, the petitioner is awaiting a new trial in Guilford County for the 1973 shooting death of Chief Lashley.

■ On February 24, 1978, the petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254. This action was filed ten days before his new trial was to begin in Guilford County Superior Court. On March 1, 1978, petitioner filed a brief with supporting documents and applied to the Court on March 2 for immediate injunctive relief in the nature of an order forbidding the state to proceed with his trial on March 6. Petitioner alleges, among other things, that his speedy trial rights and rights against double jeopardy are being violated by the state's efforts to retry him for the murder of Chief Lashley. The petitioner has asserted these various constitutional claims in state court and has, apparently, exhausted his state remedies with respect to these claims. Accordingly, pursuant to the Supreme Court's recent decision in *Arizona v. Washington,* —— U.S. ——, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), it appears that the petitioner may properly assert these constitutional claims in a habeas corpus petition prior to the actual re-trial of his case in state court.

■ In his petition, Mr. Sparks seeks his immediate release from custody and an order stating that the state may not retry him for the murder of Chief Lashley. Should the petitioner ultimately prevail in his contention that his constitutional rights have been violated, he may be entitled to some form of relief. However, at the present time, the state has not yet had time to respond to Mr. Sparks' petition, nor is it practicable to conduct a hearing in this matter prior to his trial in state court, this day being Friday, March 3, with the trial scheduled to commence on Monday, March 6. Although the petitioner has not specifically requested in his petition that the Court issue a temporary restraining order barring the state from beginning his trial, his employed counsel has, by brief and orally in chambers, requested this form of preliminary relief. Accordingly, notwithstanding Mr. Sparks' failure to comply with the provisions of Rule 65 of the Federal Rules of Civil Procedure, the Court will, in view of the nature of this action, entertain his motion for the *ex parte* entry of injunctive relief.[1]

■ While the case of *Arizona v. Washington, supra,* permits the petitioner to pursue his federal claims prior to trial in state court, that case in no way alters the standards this Court must apply in its determination of whether it is appropriate to interfere and enjoin a pending state criminal prosecution. Ordinarily, federal courts should abstain from interfering in any way with a state criminal proceeding. *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); *Young-*

---

1. Although never raised by the petitioner or his counsel, the Court notes that 28 U.S.C. § 2251 also provides for equitable relief in habeas corpus actions in appropriate cases. However, the Court concludes that the standards to be applied in a Rule 65 motion for a temporary restraining order and those to be applied in an application for a stay pursuant to 28 U.S.C. § 2251 are the same. Accordingly, the results reached in the present case would be the same under either.

er *v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Lynch v. Snepp*, 472 F.2d 769 (4th Cir. 1973). The vital consideration behind this doctrine of nonintervention is grounded not only on the fact that the state criminal process is involved but rather in the notion of "comity," that is, a proper respect for state functions and a continuance of the belief that the national government will fare best if the states and their institutions are left free to perform their separate functions in their separate ways. *Juidice, supra*, 430 U.S. at 334, 97 S.Ct. 1211; *Younger, supra*, 401 U.S. at 44, 91 S.Ct. 746.

The Court is not unmindful of the fact that the issue in the present case does not involve a dismissal of the action on the grounds of abstention, for, in accordance with *Arizona v. Washington, supra*, the petitioner is evidently entitled to pursue his constitutional claims in both federal and state court. However, the mere fact that the petitioner may litigate his federal claims in the face of a pending state criminal prosecution does not, in any manner, diminish the importance of the "more vital consideration" of the federal policy of nonintervention in state criminal proceedings as enunciated in *Younger* and *Juidice*. This equity doctrine is reinforced by the concepts of federalism. We live in the jurisdiction of two sovereignties. Each has its own system of courts to enforce its laws. "These courts [can] not perform their respective functions without embarrassing conflicts unless rules [are] adopted to avoid them." *Lynch, supra* at 772. Therefore, in evaluating whether the petitioner is entitled to immediate relief from being tried for murder in state court, even though he may properly maintain the habeas corpus action at the same time, the Court concludes that its decision should still be guided by the same considerations discussed above.

█ Accordingly, before the Court would be justified in enjoining the state from beginning its trial of Mr. Sparks, the petitioner must establish that "extraordinary circumstances" exist for a relaxation of the deference to be accorded to the state criminal process. These circumstances must create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings. ". . . [s]uch circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler, supra*, 421 U.S. at 125, 95 S.Ct. at 1531. Although the cost, anxiety, and inconvenience of having to defend against a criminal prosecution does constitute injury or damage, it does not constitute "irreparable injury" in the legal sense of that term. However, a showing of "bad faith" or "harassment" by state officials, where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions, may be sufficient to satisfy the requirement of irreparable injury thus opening the door to some form of limited federal intervention. *Younger, supra ; Kugler, supra*, at 124, 95 S.Ct. 1524.

█ After a thorough consideration of Mr. Sparks' petition and his counsel's brief and in-chambers remarks, the Court concludes that the petitioner is not entitled to the issuance of a temporary injunction barring the state from beginning its trial against him. Although it is presently impossible to determine whether the petitioner may ultimately prevail in this matter, the Court is of the firm opinion that Mr. Sparks has failed to make a sufficient showing of "irreparable injury" to justify the extraordinary relief of federal intervention in a state criminal proceeding. The potential adverse consequences of such action could be significant. Accordingly, the Court concludes that the petitioner's motion for the issuance of a temporary injunctive relief should be denied.