Arthur W. TIFFORD,
Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation,
Respondent-Appellant.

No. 78–1741
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1979.

Rehearing Denied March 28, 1979.

* Rule 18, United States Court of Appeals, Fifth Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 431 F.2d 409 (5th Cir. 1970), Part I.

Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Robert L. Achor, Lawrence R. Metsch, Shutts & Bowen, Shelby Highsmith, Miami, Fla., for petitioner-appellee.

Before CLARK, GEE, and HILL, Circuit Judges.

PER CURIAM:

A sixty-six count indictment charged S. K. Bronstein with various felonies resulting from his participation in a scheme to cash forged checks. Counts sixty-five and sixty-six of that indictment also charged Arthur Tifford, Bronstein's attorney, with conspiracy to aid Bronstein to avoid detection and arrest, and alleged that Tifford was an accessory after the fact. Bronstein, Tifford, and other co-defendants were tried in a joint trial in Florida state court and were convicted. Tifford subsequently petitioned for a writ of habeas corpus in federal district court, contending that the Florida State courts had denied him due process in refusing to sever his trial from that of his

co-defendants. The district court granted his petition and released him, and the State of Florida has appealed. We affirm.

Under 28 U.S.C. § 2254(b), a state prisoner is required to exhaust his state remedies before presenting his claims in a federal habeas corpus petition. Tifford first asserted his misjoinder arguments in the court in which he was tried, contending that the joint trial denied him due process and violated Florida law. Tifford raised the same misjoinder issues in his appeal, and the Florida District Court of Appeals affirmed his conviction, *Tifford v. State,* 334 So.2d 91 (1976), but addressed only state law issues. The Supreme Court of Florida then denied Tifford's petition for a writ of certiorari. *Tifford v. State,* 344 So.2d 327 (1977).

▪ The State contends that Tifford did not satisfy the exhaustion requirements. The State urges that Tifford's failure to produce a trial transcript for use in the State appellate process denied the Florida courts the ability to rule on his constitutional claims, and that Tifford's decision to forego a transcript constituted a deliberate bypass of available state remedies.

We reject the State's arguments. Of course, habeas corpus relief is unavailable to state prisoners who have deliberately bypassed state remedies, *Evans v. Maggio,* 557 F.2d 430, 432 (5th Cir. 1977), but no deliberate bypass occurred here. Tifford's decision to appeal without a trial transcript was based principally on financial considerations. The preparation of a transcript would have required an additional $5,000 expenditure. Moreover, another of the co-defendants, who also appealed, had the proceedings transcribed and that transcript was available to the State appellate courts. The failure to purchase an additional transcript clearly did not constitute a knowing and intentional decision to forestall State consideration of the due process-misjoinder issue. Tifford's constitutional claim was fairly presented to the State courts, and this is sufficient to comply with the exhaustion requirements of § 2254. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 443 (1971); *Jackson v. Denno,*

378 U.S. 368, 369 n.1, 84 S.Ct. 1774, 1777 n.1, 12 L.Ed.2d 908, 912 n.1 (1964).

▪ The State also contends that the district court erred in concluding that the denial of Tifford's motion for severance violated due process. The district court's decision on this issue was based on our opinion in *Byrd v. Wainwright,* 428 F.2d 1017 (5th Cir. 1970). In *Byrd,* we held that a failure to grant a severance motion violates due process if the joint trial of all the co-defendants makes the trial fundamentally unfair as to the petitioner. The defendant in *Byrd* contended that his motion for severance should have been granted because the other defendants in the case would testify for him only if they were tried first. In examining the merits of Byrd's claim, the court set down five factors that are to be considered when the exculpatory nature of a co-defendant's testimony is relied upon to establish a constitutional violation:

(1) Does the movant intend or desire to have the codefendant testify? How must his intent be made known to the court, and to what extent must the court be satisfied that it is bona fide?

(2) Will the projected testimony of the co-defendant be exculpatory in nature, and how significant must the effect be? How does the defendant show the nature of the projected testimony and its significance? Must he in some way validate the proposed testimony so as to give it some stamp of verity?

(3) To what extent, and in what manner, must it be shown that if severance is granted there is likelihood that the codefendant will testify?

(4) What are the demands of effective judicial administration and economy of judicial effort? Related to this is the matter of timeliness in raising the question of severance.

(5) If a joint trial is held, how great is the probability that a codefendant will plead guilty at or immediately before trial and thereby prejudice the defendant, either by cross-defendant prejudice or by surprise as it relates to trial preparation?

428 F.2d at 1019–20. The court in *Byrd* concluded that the defendant had made a showing sufficient to require severance.

In making his motion for severance, Tifford contended that his co-defendants would testify in his behalf if the motion were granted. He asserted that they would testify to his lack of knowledge of the scheme to cash the checks and that this testimony was essential to the preparation of his defense. Tifford also filed an affidavit signed by Bronstein stating that Bronstein would, if the motion to sever were granted, testify in Tifford's trial to the fact that Tifford never knew of his nefarious activities.

The documents Tifford filed in support of his motion for severance clearly satisfied the requirements of *Byrd*. The affidavits set out specific exculpatory testimony that would be available only if the motion to sever were granted. The prejudice arising from the denial of the motion was also conclusively established; the issue of Tifford's knowledge of his co-defendants' criminal activities was central to the crimes charged by the indictment, and the co-defendants' testimony was essential to rebut the prosecution's proof on this crucial issue. The affidavits showed that the possibility of the co-defendants testifying was "more than a gleam of possibility in the defendant's eye," *Byrd*, 428 F.2d at 1022, and that the prejudice resulting from the denial of the motion to sever was not speculative. The denial of the severance motion thus made Tifford's trial fundamentally unfair.[1]

█ In an order issued at the conclusion of the habeas corpus proceedings, the district court stated that it would release Tifford unless the State of Florida granted him a new trial within ninety days. The State then filed a petition for rehearing within the ninety-day period and the dis-

trict court denied it. At the end of the ninety-day time limit, Tifford moved for an entry of the writ of habeas corpus, and the State did not respond to his motion. The district court subsequently granted Tifford's motion and released him. The State urges that the district court erred in releasing Tifford and that the ninety-day new trial time period should not have begun to run until its motion for a rehearing was denied.

In making its arguments, the State principally relies on *Browder v. Director of Department of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). *Browder* held that a timely petition for rehearing tolls the running of the appeal period in habeas corpus suits. *Browder* has no application here. The issue raised by the State does not concern the time period for appeal in habeas corpus cases, which was the only issue *Browder* addressed.

The district court here, in releasing Tifford, was merely following its local rules, which the State was well aware of. The State filed no response to Tifford's motion for release, and the rules require that it do so in order to avoid the granting of the petition. In this situation, the district court did not abuse its discretion in releasing Tifford.

AFFIRMED.

---

1. The district court also found that the joint trial was impermissible because the crimes with which Tifford was charged were substantially different from those that Bronstein faced. *See United States v. Marionneaux*, 514 F.2d 1244 (5th Cir. 1975). Since we have held that the denial of Tifford's severance motion resulted in an unfair trial, we need not address any other misjoinder issue.