**Enos Jay GARDNER,
Petitioner-Appellee,**

v.

**Peter J. PITCHESS, Sheriff of Los Angeles County; John Van De Kamp, District Attorney for Los Angeles County, Respondents-Appellants.**

No. 83–5992.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 4, 1984.

Decided April 20, 1984.

William Rehwald, Rehwald, Rameson & Lewis, Van Nuys, Cal., for petitioner-appellee.

Donald F. Roeschke, Deputy Atty. General, Los Angeles, Cal., for respondents-appellants.

Before KENNEDY, SCHROEDER and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge.

The State of California (the State) appeals the grant of a writ of habeas corpus. Enos Gardner alleged he was denied effective counsel in his state conviction because his counsel never filed an appeal brief, resulting in the dismissal of Gardner's appeal. The State contends that it properly refused to reinstate Gardner's appeal because of contradictions in Gardner's explanations for his delay in seeking reinstatement. The State also argues that the writ is overly broad in that it orders the State to dismiss all charges against Gardner.

We affirm the grant of the writ, but modify the writ to eliminate the order to dismiss the State's charges.

## FACTS

The essential facts are undisputed. In 1977, Gardner was convicted in California of grand theft and securities violations. He was sentenced to six months in jail, five years probation, and a $5,000 fine. Gardner filed a timely pro per notice of appeal, and retained Dean Hyatt as his counsel. Despite an extension of time, and a notice of imminent dismissal, Hyatt failed to file an appeal brief. The appeal was dismissed in December 1978 because of Hyatt's inaction.

Hyatt never informed Gardner of the dismissal. Instead, without advising his client, he moved for reinstatement of the appeal in January 1979. The motion was denied.

A co-defendant informed Gardner of the dismissal in early 1980. Gardner contacted Hyatt, who falsely assured Gardner not to worry, that he was still working on the appeal. On May 23, 1980, Gardner first received written notice from the state court that his appeal had been dismissed.

Within a month of the notice, Gardner fired Hyatt and hired new counsel. They immediately petitioned the California Court of Appeal to reinstate the appeal. The petition was denied without opinion. On appeal, the California Supreme Court issued a brief denial that required Gardner to file a new petition explaining (1) the reason for his delay in seeking reinstatement, and (2) that grounds existed for an appeal of the conviction.[1]

Gardner again petitioned the Court of Appeal. He offered his explanation for the delay and outlined the points he would raise on appeal. Gardner's second explanation of his delay, however, differed from his first petition. Gardner initially stated that he was informed by a co-defendant of the dismissal in early 1980 but that he was assured by Hyatt that Hyatt "was working on the matter." By contrast, in the second

---

**1.** The California Supreme Court order read in its entirety:

Appellant's petition for hearing DENIED without prejudice to a subsequent motion to recall the remittitur explaining petitioner's relevant activities from the receipt of notice pursuant to rule 17(a) to May 1980 and demonstrating the existence of crucial assignments of error which might arguably result in a reversal.

petition Gardner stated that prior to May 1980 no one informed him of the dismissal. Gardner's second petition was denied without opinion by the appellate and state supreme courts. This habeas petition followed.

The district court adopted the recommendation of the magistrate, finding that Gardner's explanations for delay were not materially contradictory. The court granted the writ, but delayed issuance for 120 days to allow the state courts to reinstate the appeal voluntarily. The appeal was not reinstated, and the district court subsequently issued the writ.[2] In addition to ordering Gardner's release, the district court ordered dismissal of all pending state charges.

On appeal, the State argues that the district court's finding was clearly erroneous, and that the order to dismiss state charges exceeds federal habeas jurisdiction.

## DISCUSSION

### A. Reinstatement of the Appeal

The Attorney General has not contended in this appeal that Gardner's second petition was denied for failure to demonstrate errors that "might arguably result in a reversal." We therefore are not presented with the question of whether denial of reinstatement on such grounds would violate due process. See Rodriquez v. United States, 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969), and Brown v. United States, 623 F.2d 54, 60 (9th Cir. 1980), holding that where the appeal right is lost because of the attorney's dereliction, reinstatement of an appeal may not be conditioned on a showing that the appeal arguably has merit.

The Attorney General contended in his brief that the state court denied Gardner's second petition because of the conflict between the reason for delay Gardner advanced in his first and second petitions. The Attorney General argued that the conflict demonstrated misconduct by Gardner, in that he made "deliberate false statements" in order to defraud the state court, justifying denial of the petitions.

At oral argument, however, the Attorney General conceded that both applications for reinstatement indicated that until May 1980 Hyatt continued to lull Gardner into believing that he was working on the appeal, and that Gardner should not worry about the matter. The Attorney General further conceded that Hyatt's continuing deceptions justify reinstatement of Gardner's appeal. He offered to stipulate that this court should grant the writ but delay issuance to allow the State to reinstate the appeal.

The court appreciates the forthrightness of the Attorney General's concessions, but we do not believe that further delay in issuance of the writ is appropriate. Gardner's attorneys sought reinstatement of the appeal three times in the state appellate court and twice in the state supreme court. Each request was denied. Subsequently, the district court afforded the state appellate court another opportunity for the same voluntary reinstatement the Attorney General now requests of this court. See, e.g., Boles v. Stevenson, 379 U.S. 43, 45–46, 85 S.Ct. 174, 175–176, 13 L.Ed.2d 109 (1964); Hart v. Eyman, 458 F.2d 334, 338 (9th Cir.), cert. denied, 407 U.S. 916, 92 S.Ct. 2441, 32 L.Ed.2d 691 (1972). Again, the California Court of Appeal took no action to reinstate the appeal.

▮ We are mindful of the considerations of comity underlying the habeas writ, which require that state courts be given an opportunity to correct alleged violations before federal courts step in. See, e.g., Hudson v. Rushen, 686 F.2d 826, 829–30 (9th Cir.1982), cert. denied, —— U.S. ——, 103

---

2. The California Court of Appeal issued Findings of Fact and Conclusions of Law subsequent to the district court's conditional grant of the writ. On appeal, the Attorney General has not contended that these Findings are binding on this court. Consequently, we express no opin-ion on the deference to be accorded state findings of fact issued after grant of a writ. See Sumner v. Mata, 455 U.S. 591, 592–93, 102 S.Ct. 1303, 1304–05, 71 L.Ed.2d 480 (1982) (per curiam); Sumner v. Mata, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

S.Ct. 1896, 77 L.Ed.2d 285 (1983). At the same time, comity does not require that a petitioner file repetitious or futile petitions in state court. *Powell v. Wyrick*, 657 F.2d 222, 223–24 (8th Cir.1981); *Rodgers v. Wyrick*, 621 F.2d 921, 924 (8th Cir.1980). *Cf. Matias v. Oshiro*, 683 F.2d 318, 320 (9th Cir.1982) (petitioner need not seek speculative or conjectural state remedy that appears to be barred by state procedural rule); *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir.1981) (petitioner may be excused from exhaustion requirement if highest state court recently decided issue adversely and no intervening decisions indicate it intends to depart from its ruling). The district court allowed the state courts sufficient opportunity to reinstate Gardner's appeal before issuing the writ. We do not believe that Gardner should be required to seek reinstatement of his appeal yet another time.

### B. *Breadth of the Writ*

In addition to ordering Gardner's release from the pending sentence, the district court ordered the state court to vacate Gardner's conviction and dismiss the criminal charges with prejudice. This order is overly broad.

■ Federal habeas relief usually accomplishes its purpose by ordering the petitioner's release from state custody. Some authorities suggest federal courts lack power to revise the underlying state judgment directly. *See Fay v. Noia*, 372 U.S. 391, 431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837 (1963) (dicta); *Ex parte Medley*, 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835 (1890). *But see Palmer v. Judge and District Attorney General*, 411 F.Supp. 1029, 1035 (W.D. Tenn.1976) (quashing sixteen-year-old state indictment on grounds of denial of speedy trial). We need not decide whether, in an appropriate case, a district court might order dismissal of state charges, because we find no circumstances justifying dismissal here.

■ The magistrate recommended dismissal on grounds that a fair retrial would be difficult at this late date. The possible unfairness of a retrial, however, was not properly before the district court, and the record reveals no evidence on the issue. If retrial occurs, Gardner can challenge its fairness at that time.

We modify the writ to provide only for Gardner's release from the pending sentence.

### CONCLUSION

We affirm the writ of habeas corpus, but modify the writ to provide only for Gardner's release from state custody.

AFFIRMED AS MODIFIED.