**Robert LATZER, Petitioner,**

v.

**Robert ABRAMS, Attorney General of the State of New York, Respondent.**

**No. 84 Civ. 3693.**

United States District Court,
E.D. New York.

Aug. 16, 1985.

Patrick M. Wall, New York City, for petitioner.

Anthony J. Girese, Bruce E. Whitney, Asst. Dist. Attys., Nassau County, Mineola, N.Y., for respondent.

GLASSER, District Judge:

On February 21, 1985, I conditionally granted a writ of habeas corpus in this matter. *Latzer v. Abrams*, 602 F.Supp.

1314 (E.D.N.Y.1985). That order was based on a determination that petitioner's rights under the Sixth and Fourteenth Amendments of the United States Constitution were violated at his trial on a charge of committing sodomy in the second degree. I concluded that petitioner's conviction on that charge must be set aside. Petitioner now moves for a final unconditional order granting the petition for a writ of habeas corpus and precluding his re-trial on the charge described in the petition.

*Background*

The facts underlying this action are set forth in my earlier Memorandum and Order, 602 F.Supp. at 1314–17. That Memorandum and Order, dated February 21, 1985, provides that the "petition for a writ of habeas corpus is granted unless the state affords petitioner a new trial within sixty (60) days of the issuance of the order herein." *Id.* at 1321. On March 20, 1985, respondent filed a notice of appeal to the Second Circuit, but subsequently withdrew the appeal. Thereafter, on consent of respondent, I revoked an earlier order requiring petitioner to post bail as a condition of his release pending the final determination of this petition.

On April 9, 1985, a Nassau County grand jury heard evidence against petitioner, including evidence pertaining to the crime involved in this petition. On April 11, 1985, the grand jury returned a six-count indictment against him. The second count of that indictment charged petitioner with committing the same crime which was the subject of this petition. Petitioner was arraigned on the new indictment on April 22, 1985, exactly sixty days after the issuance of my initial order granting the conditional writ. He entered a plea of not guilty to all counts.

*Discussion*

This motion presents two related issues. First, whether the order granting the conditional writ required that petitioner actually be re-tried within the sixty day period to avoid issuance of the final writ, or whether it was sufficient that petitioner was only arraigned within the prescribed period. Second, whether the final writ should include an order precluding the re-trial of petitioner on the charge addressed in the petition (i.e., the second count of the new indictment).

*1. The Sixty Day Period*

In issuing a writ of habeas corpus, a federal court has the power to "dispose of the matter as law and justice require." 28 U.S.C. § 2243; *Irvin v. Dowd,* 366 U.S. 717, 729, 81 S.Ct. 1639, 1646, 6 L.Ed.2d 751 (1961). There is no absolute requirement that the court delay issuance of a final writ until after the state has been afforded a specific period of time in which to re-try the petitioner. The Supreme Court has indicated, however, that the state should be allowed a "reasonable time" for conducting a re-trial. *Irvin,* 366 U.S. at 729, 81 S.Ct. at 1646. Accordingly, most courts allow some time between thirty and sixty days for re-trial, P. Sokol, *Federal Habeas Corpus,* § 15.1, at 132 (1969), though longer periods are occasionally permitted. *See, e.g., Tifford v. Wainwright,* 588 F.2d 954, 957 (5th Cir.1979) (ninety days); *Baily v. Henslee,* 309 F.2d 840, 842 (8th Cir.1962) (en banc) (nine months).

With these considerations in mind, I conditioned the issuance of the writ in the present case on the event that petitioner was not "afford[ed]" a new trial within sixty days. Respondent now argues that the arraignment of petitioner on the sixtieth day was sufficient to "afford" petitioner a new trial within the prescribed period. While the order may not have been the epitome of clarity, respondent's interpretation flies in the face of the order's intent to insure that petitioner was either promptly retried or relieved of the strictures imposed by his constitutionally flawed conviction. The order was intended to mean that petitioner should be brought to trial within sixty days, and will be so applied by the Court.

If respondent had any doubts as to the meaning of the order, he could have sought clarification from the Court, or avoided any potential problems by bringing petitioner to trial before the expiration of the sixty day period. Alternatively, respondent could have applied for an extension of the time

for re-trial. Instead, respondent chose to file a notice of appeal, withdraw the appeal, and then seek the indictment of petitioner on five new counts, as well as re-indictment on the count in question. In light of the failure to bring petitioner to trial within the prescribed period and respondent's election not to pursue the options discussed above, I am constrained to conclude that the final writ of habeas corpus must be granted.

### 2. The Remedy

The far more difficult question is what relief, if any, should be granted to petitioner at the present time. Historically, the writ of habeas corpus was viewed as lying to

> enforce the right of personal liberty, when that right is denied and a person is confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.

*Fay v. Noia,* 372 U.S. 391, 430–31, 83 S.Ct. 822, 844–45, 9 L.Ed.2d 837 (1963).

When a court grants a writ of habeas corpus and orders a petitioner released from custody, the petitioner is ordinarily "still subject to custody under the indictment and may be re-tried on this or another indictment." *Irvin v. Dowd,* 366 U.S. 717, 728, 81 S.Ct. 1639, 1645, 6 L.Ed.2d 751 (1961). *See also United States ex rel. Leeson v. Damon,* 496 F.2d 718, 722 (2d Cir.), *cert. denied* 419 U.S. 954, 95 S.Ct. 215, 42 L.Ed.2d 172 (1974) (writ granted to permit petitioner to withdraw improper guilty plea, but the state could presumably still try petitioner on the offense charged). Perhaps the most extreme example of this concept is presented in *United States ex rel. Craig v. Myers,* 329 F.2d 856, (3d Cir. 1964). In *Craig,* the Third Circuit, acting in 1964, affirmed the grant of a writ of habeas corpus that freed the petitioner from custody on a 1931 indictment and conviction. The court explained that the 1931 indictment was not invalidated by the grant of the writ: "[granting the writ] does not preclude a new arraignment and trial, or the taking of proper steps to hold the defendant in custody or under bail pending trial." *Id.* at 860.

These principles have been applied in a case that is closely analogous to this one. In *United States ex rel. Lowry v. Case,* 283 F.Supp. 744 (E.D.Pa.1968), the court originally granted a conditional writ which stayed issuance of the final writ for 60 days to permit re-trial or appeal. An appeal was not taken and the petitioner was not re-tried within sixty days. The court then issued the final writ, ordering release of the petitioner. Upon release, the petitioner was immediately re-arrested on the original indictment and confined pending his re-trial. The court denied the petitioner's subsequent application seeking release from custody on the grounds that he was not re-tried within sixty days. The court stated that the only effect of granting the writ was to release the petitioner "from custody springing from a constitutionally unfair trial.... This release, however, did not impede the Commonwealth's right to re-arrest, re-arraign and re-try defendant on the [original] indictment." 283 F.Supp. at 744.

■ In the present case, petitioner's bail obligations in federal court have been discharged, and the state court indictment underlying the petition was dismissed by operation of law when petitioner was arraigned on the new indictment. N.Y.Crim.Proc. Law § 200.80 (McKinney 1982). As a result, petitioner is no longer in "custody" in any sense due to the constitutionally infirm conviction. The question of release is, therefore, moot.[1] *See Mizell v. Attorney General of the State of New York,* 586 F.2d 942, 947–48 (2d Cir.1978). Petitioner, nonetheless, seeks further relief from this Court in the form of an order precluding the state from re-trying him on the charges which ultimately gave rise to this petition.

---

1. Petitioner has presumably been released on bail under the new indictment, but the Court has not been apprised as to his precise bail status. In any event, even if he is presently in "custody" by virtue of such bail restrictions, those restrictions would be the result of the new indictment, not the improper conviction. Consequently, those restrictions should not be discharged by the present writ.

■ Petitioner is correct when he argues that under the federal habeas corpus statute, 28 U.S.C. §§ 2241–2254, as amended in 1966, 80 Stat. 1104, federal courts have the power to grant relief other than immediate release from custody. The Supreme Court has observed that the federal habeas corpus statute

> does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted. It provides that "[t]he court shall ... dispose of the matter as law and justice require." 28 U.S.C. § 2243. The 1966 amendments to the habeas corpus statute seem specifically to contemplate the possibility of relief other than immediate release from physical custody. At one point, the new § 2244(b) (1964 ed., Supp. II) speaks in terms of "release from custody or other remedy."

*Carafas v. LaVallee,* 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968) (citations omitted). A court may, for example, grant relief to a petitioner who has been released from custody after fully serving a sentence on an illegal conviction. *E.g., Carafas,* 391 U.S. at 237–40, 88 S.Ct. at 1559–61; *Mizell,* 586 F.2d at 948. Under such circumstances, the remedy may include a declaration that the conviction is void and an order directing the state prosecutor to seek a state court order vacating the conviction and expunging all references to it in the records. *Mizell,* 586 F.2d at 948. Likewise, a federal court may review the legality of a conviction under which the petitioner will not be detained until some time in the future. *Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968) (prisoner incarcerated under consecutive sentences can challenge a sentence that he is scheduled to serve in the future).

■ In the present case, however, the issue is not simply whether this court can grant *any* relief to petitioner. Rather, the question is whether this Court should impose the extraordinary remedy of barring further state court criminal proceedings because of the state's failure to comply with the time limits set by this Court in the exercise of its discretion. After carefully reviewing the cases cited in petitioner's memorandum, and conducting my own research, I cannot find any authority for such a broad order. To the contrary, the closest authority on the issue expressly declined to grant such relief. *See Gardner v. Pitchess,* 731 F.2d 637 (9th Cir.1984).

In *Gardner,* the district court ordered the petitioner's release from custody and dismissal of all pending state charges against the petitioner after the state had failed to comply with the court's earlier conditional order that a writ of habeas corpus would issue if the petitioner's state court appeal was not reinstated within 120 days. The Ninth Circuit affirmed as to the grant of the writ and the petitioner's release, but held that the district court's order was "overly broad" insofar as it directed dismissal of the underlying charges with prejudice:

> Federal habeas relief usually accomplishes its purpose by ordering the petitioner's release from state custody. Some authorities suggest federal courts lack power to revise the underlying state judgment directly. See *Fay v. Noia,* 372 U.S. 391, 431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837 (1963) (dicta); *Ex parte Medley,* 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835 (1890). *But see Palmer v. Judge and District Attorney General,* 411 F.Supp. 1029, 1035 (W.D.Tenn.1976) (quashing sixteen-year-old state indictment on grounds of denial of speedy trial). We need not decide whether, in an appropriate case, a district court might order dismissal of state charges, because we find no circumstances justifying dismissal here.

731 F.2d at 640.

■ I question this Court's authority, in a case such as this, to bar petitioner's re-indictment and re-trial.[2] In any event, I find

---

**2.** At the very least, there is a serious question as to whether such an order would violate the principles of federal-state comity set forth in

*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Pitchess v. Davis,* 421

it unnecessary to determine the precise limits of the Court's power because here, as in *Gardner*, there are no circumstances that could justify an order barring re-trial. This is not a case where the very act of re-trying petitioner would infringe upon his constitutional rights, such as where re-trial would subject him to double jeopardy, *Mizell*, 586 F.2d at 945,[3] or where the petitioner has been denied the right to a speedy trial. *Palmer v. Judge and District Attorney General of the Thirteenth Judicial District of Tennessee*, 411 F.Supp. 1029 (W.D.Tenn.1976). The illegality in petitioner's first trial, the improper restrictions on cross-examination, was peculiar to that trial and can be fully remedied on re-trial. Nor has petitioner articulated any prejudice flowing from the state's failure to re-try him within sixty days. The sixty day order was intended to prevent the unnecessary prolongation of petitioner's detention on the basis of an unconstitutional conviction. The potential for such harm was eliminated when the original indictment was dismissed. Consequently, I can see no reason to preclude the retrial of petitioner, upon the new indictment within a reasonable time, in accordance, of course, with the constraints imposed by the state's statute of limitations and speedy trial law, and the overriding Sixth Amendment guarantee of a speedy trial.[4]

The cases cited by petitioner are not inconsistent with this conclusion. Those cases essentially fall into three groups. The first group, discussed and distinguished earlier, consists of cases where the very act of retrial would impair the peti-

tioner's constitutional rights. *See Mizell*, 586 F.2d at 945; *Palmer*, 411 F.Supp. at 1035.

The largest group of cases merely stand for the undeniable proposition that a federal court may order that a state release a petitioner from custody when the petitioner has not been re-tried within the period of time prescribed by the court.[5] Contrary to petitioner's contention, none of those cases expressly precluded re-trial after release from custody.

The third group includes two cases where the petitioners had served extended and potentially unjustifiable periods of incarceration before the writ was granted. One case involved a series of events that were so shocking and abhorrent that the Second Circuit analogized the petitioner's plight to the story revealed in Solzhenitsen's *The Gulag Archipelago*. *United States ex rel. Shuster v. Vincent*, 524 F.2d 153, 154 (2d Cir.1975).[6] Without belaboring this opinion with a description of the complex facts of that case, it should suffice to note that the issues addressed in *Shuster* are not even remotely analogous to those presented here.

In the final case, *Alim v. Smith*, 474 F.Supp. 54 (W.D.N.Y.1979), the court concluded that a writ of habeas corpus should be granted in light of several substantial errors in the petitioner's state court trial, including improper joint representation by counsel and prosecutorial misconduct in summation. The district court noted that at the time of its order, only five months

---

U.S. 482, 485 n. 2, 95 S.Ct. 1748, 1751 n. 2, 44 L.Ed.2d 317 (1975); *Sparks v. Garrison*, 446 F.Supp. 649 (M.D.N.C.1978), *aff'd mem.*, 612 F.2d 1310 (4th Cir.1979).

**3.** Re-trying a successful habeas corpus petitioner will not ordinarily subject him to double jeopardy. *Shear v. Boles*, 263 F.Supp. 855, 859 (N.D.W.Va.1967), *rev'd on other grds* 391 F.2d 609 (4th Cir.1967); R. Sokol, *Federal Habeas Corpus* § 15.1 at 133 (1969). *See also Graham v. Smith*, 602 F.2d 1078, 1082 (2d Cir.1979) (dictum), *cert. denied* 444 U.S. 995, 100 S.Ct. 531, 62 L.Ed.2d 426 (1979).

**4.** If the delay will in some other way preclude a fair trial, that issue should be raised at the time

of re-trial. *Gardner*, 731 F.2d at 640. *Cf. Pitchess*, 421 U.S. at 490, 95 S.Ct. at 1753 (petitioner's claim of unfairness in re-trial due to the unavailability of evidence should have been first raised and exhausted in the state courts).

**5.** *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979); *United States ex rel. Barnwell v. Rundle*, 461 F.2d 768 (3d Cir.1972); *Bailey v. Henslee*, 309 F.2d 840 (8th Cir.1962) (en banc); *Tyler v. Croom*, 288 F.Supp. 870 (E.D.N.C.1968); *Homan v. Sigler*, 283 F.Supp. 404 (D.Neb.1968).

**6.** *Citing* A. Solzhenitsen, *The Gulag Archipelago* (1973).

remained on the petitioner's maximum sentence of seven years. The court ordered that "unless further proceedings on the original indictment are initiated within 20 days of the filing of this order, the indictment is ordered dismissed with prejudice, and petitioner is ordered released from custody." 474 F.Supp. at 54. That case is plainly distinguishable in that the petitioner, Alim, had already served almost the maximum period to which he could have been sentenced if convicted on re-trial. By contrast, the petitioner here, Latzer, has not served any time in prison on the challenged conviction. In any event, the court in *Alim*, did not refer to any authority for its order and, as discussed above, it is highly questionable whether a federal court can or should so interfere with state court proceedings.

For all of these reasons, I conclude that petitioner is not entitled to an order precluding his re-trial on the charges that gave rise to this petition. Furthermore, while it would be appropriate to grant a final writ of habeas corpus in light of respondent's failure to re-try petitioner within the prescribed period, the question of release from custody is moot. Petitioner's motion, is therefore, denied.

SO ORDERED.