943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ralph M. LEPISCOPO, Petitioner-Appellant,
v.
George E. SULLIVAN, Warden, Respondent-Appellee.
 No. 91-2053.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ralph M. Lepiscopo, a pro se state prisoner, brought a habeas petition seeking to set aside his escape conviction pursuant to a guilty plea. Lepiscopo contended that the State had not complied with the terms of the plea agreement. The district court agreed and ordered that plea vacated unless the State afforded Lepiscopo a new trial within six months. When the State failed to do so, the court vacated the conviction and sentence. However, the court held that Lepiscopo was not entitled to an order precluding the State from retrying him on the basis of the facts underlying the vacated conviction. The court also refused to issue a certificate of probable cause. On appeal, Lepiscopo argues that the court erred on refusing to bar further prosecution, and in refusing to grant his request for costs and attorney's fees.
 
 
 3
 It is the rule that "holding a conviction invalid and granting the writ do not generally bar retrial on the original charge." Bromley v. Crisp, 561 F.2d 1351, 1364 (10th Cir.1977) (en banc), cert. denied, 435 U.S. 908, (1978); see also Bowen v. Maynard, 799 F.2d 593, 614 (10th Cir.), cert. denied, 479 U.S. 962 (1986); Fisher v. Rose, 757 F.2d 789, 791 (6th Cir.1985). The fact that Lepiscopo's habeas action was resolved on the parties' stipulations does not render the general rule inapplicable. Lepiscopo is not presently incarcerated under the invalid conviction, nor will retrial otherwise infringe on his constitutional rights. See generally Latzer v. Abrams, 615 F.Supp. 1226 (E.D.N.Y.1985). Accordingly, the district court was correct in holding that retrial is not barred.
 
 
 4
 We also conclude that Lepiscopo has failed to make a substantial showing of the denial of a important federal right, see Barefoot v. Estelle, 463 U.S. 880 (1983), and we therefore deny his application for a certificate of probable cause.[1]
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Given Lepiscopo's in forma pauperis status and the fact that he has appeared either pro se or with appointed counsel throughout these proceedings, his request for costs and attorney's fees is frivolous