**T. A. BUCHANAN, in his capacity as Sheriff and ex officio jailer of Dade County, Florida, Appellant,**

**v.**

**UNITED STATES of America ex rel. Lillian REIS, Appellee.**

**No. 24183.**

United States Court of Appeals
Fifth Circuit.

July 11, 1967.

Barry N. Semet, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., State of Florida, Miami, Fla., for appellant.

Jack R. Nageley, Bernard A. Frank, Miami Beach, Fla., for appellee.

Before RIVES and AINSWORTH, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

This is another "thwarted appeal" case [1] where, in a habeas corpus proceeding, the United States District Court, after determining that the petitioner Reis had been denied in the Florida courts the equal protection of the laws by the refusal of a transcript in forma pauperis for appeal purposes, ordered, as an alternative to petitioner's release, that the Florida Appellate Court accept the notice of appeal to review the convictions or reinstate the previously dismissed appeal. The District Court's determination that the petitioner was denied, by refusal of a transcript, the equal protection of the laws by the State court is not contested on this appeal; further, the State is not contending that petition-

---

1. Pate v. Holman, 341 F.2d 764 (5th Cir. 1965), modified on rehearing, 343 F.2d 546; Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966).

er's convictions should not receive a full appellate review in the Florida courts. The sole issue now presented concerns the method by which that review is to be obtained. The State contends that under Florida's Criminal Procedure Rule No. One, F.S.A. ch. 924 Appendix, the habeas petitioner, after having been thwarted on appeal, may, upon proper application, obtain a direct review of criminal convictions.[2]

While ordinarily, the procedure to be followed in securing appellate review of state court criminal convictions is and should be left to the states, here the District Judge has expressly, after thorough examination of the applicable Florida appellate processes, exercised his discretionary authority in ordering alternative methods of review whereby petitioner may be made whole. In consideration of the facts in this particular case and as specifically authorized by Title 28, § 2106, United States Code, we feel that such action on the part of the District Judge was "just under the circumstances."

Affirmed.

---

2. Murray v. State, 131 So.2d 292, 294 (Fla.App.1966).