**Larry JONES, Petitioner,**

v.

**Larkin SMITH, Sheriff of Harrison County, Mississippi, Gene Scroggy, Commissioner, Mississippi Department of Corrections, Don Cabana, Warden, Mississippi State Penitentiary, Hon. Mike Moore, Attorney General, State of Mississippi, Hon. Glenn Cannon, District Attorney, Second Circuit Court District, State of Mississippi, Respondents.**

Civ. A. No. S81–0109(R).

United States District Court, S.D. Mississippi, S.D.

June 1, 1988.

Jimmy D. McGuire, Gulfport, Keith Pisarich, Biloxi, Miss., T.H. Freeland, III, T.H. Freeland, IV, Tim F. Wilson, Freeland and Freeland, Lawyers, Oxford, Miss., for petitioner.

Marvin L. White, Jr., Sp. Asst. Mike Moore, Atty. Gen. State of Miss., Jackson, Miss., for respondents.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on a Petition for Entry of a Writ of Habeas Corpus, a Temporary Restraining Order and/or Injunctive Relief and for Declaratory Judgment and/or Other Relief.

On March 19, 1975, Larry Jones (hereinafter referred to as the Petitioner) was found guilty of capital murder [1] for participating in the killing of Arthur Weinberger on December 2, 1974, in Biloxi, Mississippi. Today, over thirteen years later, Petitioner's fate, for good or bad, remains undetermined; [2] and hopefully, in light of this Court's decision today, this cause may be brought to a final conclusion.

Over five (5) years ago this Court attempted, however in vain, to lay this matter to rest by ordering the State to act within a reasonable time (180 days) in granting the Petitioner a sentencing hearing as to whether he should be given life or death on a conviction that this Court, in that same Order, held to be valid. It is abundantly clear that had the Order been adhered to and followed, the present morass would undoubtedly not exist. However, the State of Mississippi, having failed to comply, now seeks to "resentence" the Petitioner. Like a revolving door, this case has been circulated in and out of the courts of this State since 1975, and although I may not live to see its return, the following is my earnest attempt to adequately effect its demise.

1. Petitioner was found guilty pursuant to Miss. Code Ann. § 97–3–19(2)(e) (1972).

2. The pertinent history of the case up and until this Court's Order of February 3, 1983, is as follows:

   1. March 19, 1975, Petitioner was found guilty of capital murder.

   2. Petitioner appealed to the Mississippi Supreme Court wherein the Court reversed the Petitioner's conviction and remanded the case for a new trial. *Jones v. State,* 342 So.2d 735 (Miss.1977).

   3. December 14, 1977, Petitioner was again found guilty of capital murder.

   4. December 15, 1977, Petitioner was sentenced to death by lethal gas.

   5. December 16, 1977, Petitioner filed a motion for a new trial which was overruled and thereafter Petitioner perfected an appeal to the Mississippi Supreme Court.

   6. The Mississippi Supreme Court affirmed the conviction and sentence, *Jones v. State,* 381 So.2d 983 (Miss.1980), and subsequently denied Petitioner's petition for rehearing.

   7. November 17, 1980, Petitioner's petition for a writ of certiorari to the United States Supreme Court was denied. *Jones v. Mississippi,* 449 U.S. 1003, 101 S.Ct. 543, 66 L.Ed.2d 300 (1980).

   8. March 3, 1980, Petitioner filed a motion for leave to file a petition for a writ of error coram nobis or habeas corpus with the Mississippi Supreme Court. The motion was denied on April 1, 1981.

   9. March 9, 1981, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi.

   10. March 16, 1981, this Court received the Order granting a stay of execution and transfer of the petition for a writ of habeas corpus.

   11. April 7, 1981, Petitioner's motion to reconsider the transfer of the petition for a writ of habeas corpus was denied.

   * 12. February 3, 1983, this Court denied in part the Petitioner's petition for a writ of habeas corpus.

   * Discussed more fully herein.

Therefore, having carefully considered the briefs and exhibits submitted in support and response to this Petition for Entry of a Writ of Habeas Corpus, a Temporary Restraining Order and/or Injunctive Relief and for Declaratory Judgment and/or Other Relief, this Court is of the opinion that pursuant to the following, a Writ of Habeas Corpus should be entered directing that a life sentence be imposed upon the Petitioner.

As alluded to earlier, this Court's Order of February 3, 1983, plays an immeasurable role in the ultimate determination of the present petition. In that Order this Court directed that:

> IT IS, THEREFORE, ORDERED AND ADJUDGED that the Writ of Habeas Corpus should be and the same is hereby denied as such pertains to the guilt phase of Petitioner's conviction.
>
> IT IS FURTHER ORDERED AND ADJUDGED that Petitioner's sentence of death should be and the same is hereby vacated and that a Writ of Habeas Corpus shall issue within thirty (30) days from the entry of this Order thereby resulting in the imposition of a life sentence under Mississippi Law unless the State of Mississippi chooses to resentence Petitioner in accordance with Miss. Code Anno. (sic) § 99–19–101 (1978) within one hundred and eighty (180) days thereafter. Should an appeal be perfected within the aforesaid thirty (30) day time frame, the issuance and execution

of the writ shall be stayed pending the determination of the merits of said appeal by the United States Court of Appeals for the Fifth Circuit.[3]

On February 23, 1987, the last of the latest appeals in this cause were dismissed by the United States Supreme Court. In keeping with this Court's original directive, the 180–day period in which to hold the resentencing hearing for the Petitioner necessarily commenced on that day, and as is undeniably clear, today, some fifteen (15) months after the time for resentencing began and some nine (9) months after the deadline for resentencing has passed, this Court's Order has not been complied with.[4]

It is well settled that this Court not only can release a petitioner from an invalid sentence, but that it also has broad discretionary powers to grant various forms of equitable relief (without which it is obvious that similar orders would be issued in vain). *See Peyton v. Rowe,* 391 U.S. 54, 66, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426 (1968); *Lewy v. Dillon,* 415 F.2d 1263, 1265 (10th Cir.1969); *Hamontree v. Phelps,* 605 F.2d 1371, 1381 (5th Cir.1979); *Buchanan v. United States,* 379 F.2d 612, 613 (5th Cir. 1967); and *Welch v. Beto,* 355 F.2d 1016, 1020 (5th Cir.1966).

Furthermore, although the United States Supreme Court has been presented with the issues resulting from this Court's original order of February 3, 1983, on two sepa-

---

3. In *Jones v. Thigpen,* 741 F.2d 805 (5th Cir. 1984), the Fifth Circuit affirmed in part and reversed in part the above Order, and remanded with "instructions". Although this Court was affirmed insofar as it denied relief concerning the Petitioner's conviction and insofar as the death sentence was vacated, the Fifth Circuit determined that the State was not entitled to hold another sentencing hearing wherein the Petitioner could face the death penalty; and therefore, this Court was ordered to order the state court to resentence the petitioner to a sentence less than death. In *Jones v. Thigpen,* 747 F.2d 1465 (5th Cir.1984), the State's petition for a rehearing en banc was denied. On February 24, 1986, the United States Supreme Court, after granting the State's petition for a writ of certiorari, and in light of *Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986), vacated the judgment of the Fifth Circuit and remanded the case back for further considera-

tion. *Thigpen v. Jones,* 475 U.S. 1003, 106 S.Ct. 1172, 89 L.Ed.2d 292 (1986). In essence, the Supreme Court held that the State was entitled to hold a resentencing hearing and that the sentence which could ultimately be imposed included death. In *Jones v. Thigpen,* 788 F.2d 1101 (5th Cir.1986), the Fifth Circuit acknowledged the mandate of the United States Supreme Court recognizing that the State, pursuant to *Cabana,* was entitled to comply with this Court's original Order. On February 23, 1987, both the Petitioner and the State were denied their separate petitions for certiorari. *Thigpen v. Jones,* —— U.S. ——, 107 S.Ct. 1292, 94 L.Ed.2d 148 (1987).

4. This Court is of the opinion that any attempt by the State to resentence the petitioner after August 23, 1987, would have been in violation of its original order of February 3, 1983.

rate occasions, it did not expressly or impliedly conclude that either the time limit imposed by the order or the ramifications for non-compliance thereof were unreasonable or otherwise unconstitutional. *Thigpen v. Jones,* 475 U.S. 1003, 106 S.Ct. 1172, 89 L.Ed.2d 292 (1986); *Thigpen v. Jones,* —— U.S. ——, 107 S.Ct. 1292, 94 L.Ed.2d 148 (1987).[5] This Court is aware of several cases wherein it appeared that a district court maintained the ability to impose durational requirements on the entry of Writs of Habeas Corpus, *Tifford v. Wainwright,* 588 F.2d 954 (5th Cir.1979); *Gurule v. Turner,* 461 F.2d 1083 (10th Cir.1972); *United States Ex. Rel Brown v. Rundle,* 427 F.2d 223 (3rd Cir.1970); and therefore is entirely confident that it possesses the ability to do the same. With this in mind, there is but one equitable alternative, and that is to grant the relief requested by the Petitioner, and enter a Writ of Habeas Corpus directing that a life sentence be imposed upon the Petitioner.

### ORDER

This cause having come before this Court on Petition for Entry of Writ of Habeas Corpus, a Temporary Restraining Order and/or Injunctive Relief and for a Declaratory Judgment and/or Other Relief, and the Court, having carefully considered the petition, as well as the memorandums of law submitted in support and response thereto, finds that for the reasons more fully set forth in this Court's Memorandum Opinion entered June 1, 1988, incorporated herein by reference, said Petition for Entry for Writ of Habeas Corpus should be granted and that said Writ shall vacate the Petitioner's sentence of death and order the State of Mississippi to impose upon the Petitioner a sentence of life imprisonment.

IT IS THEREFORE ORDERED AND ADJUDGED that the Petition for Entry of a Writ of Habeas Corpus should be, and the same is hereby GRANTED, and said Writ shall issue forthwith from the Clerk of this Court directing the Petitioner's sen-

tence of death to be vacated, and that the State of Mississippi impose upon the Petitioner a sentence of life imprisonment.

---

**5.** As noted earlier the most recent denial of certiorari encompassed separate petitions from both the State (*Thigpen v. Jones,* No. 86–899), and the Petitioner (*Jones v. Thigpen,* No. 86–5924).