Carzell **MOORE**, Petitioner–Appellant,

v.

Walter D. **ZANT**, Warden, Georgia Diagnostic and Classification Center, Respondent–Appellee.

No. 91–8297.

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1992.

Stephen B. Bright, Atlanta, Ga., for petitioner-appellant.

Susan V. Boleyn, Asst. Atty. Gen., Mary Beth Westmoreland, Sr. Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

This is an appeal in a death penalty case. Because of the lack of an adequate jury instruction on the option to impose a life sentence under the circumstances, we earlier set aside Carzell Moore's sentence of death. *Moore v. Kemp*, 809 F.2d 702, 733 (11th Cir.1987) (*en banc*). We also remanded the case for an evidentiary hearing on whether there had been a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). We wrote, "After disposing of that claim, and depending on its ruling thereon, the district court shall issue a writ of habeas corpus directing the State either to grant petitioner a new trial or to grant him a new sentencing proceeding." *Moore*, 809 F.2d at 734–35.

After conducting an evidentiary hearing, the district court, in an order entered March 31, 1988, denied relief on Moore's *Brady* and *Giglio* claims and ordered that "petitioner within 180 days after this order becomes final by failure to appeal or by mandate of the circuit court of appeals shall be afforded a new sentencing phase trial, failing which upon motion a writ of

habeas corpus discharging him from custody shall issue." *Moore v. Zant*, 682 F.Supp. 549, 552 (M.D.Ga.1988).[1]

Moore filed a notice of appeal and an application for a certificate of probable cause. The district court denied Moore a certificate of probable cause to appeal its rejection of his *Brady* and *Giglio* claims. On June 29, 1988, we also denied a certificate of probable cause.[2] The Supreme Court then denied certiorari on March 20, 1989. *Moore v. Zant*, 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989).

Nothing more occurred in this case until the state sought to resentence Moore on November 16, 1990, approximately one year and eight months after the last judicial activity. Moore responded by filing a motion in January 1991 to enforce the district court's March 1988 order. The state, arguing that the delay in resentencing had been caused by confusion on the part of the state Attorney General's office, moved the district court to set a new period for resentencing Moore. The district court granted the state's motion.

We granted a certificate of probable cause to appeal.

## DISCUSSION

The question in this case is whether, in the light of the district court's 1988 judgment and opinion, Georgia is now barred from subjecting Moore to a second capital sentencing trial. The answer is "no."[3]

---

1. The district court's judgment, entered on April 14, 1988, said that Moore was to be afforded "a new sentencing phase trial within 180 days after the court's Order becomes final by failure to appeal or by mandate of the Circuit Court of Appeals."

2. When we denied a certificate of probable cause, a certified copy of that order was sent to the clerk of the district court with a letter from the clerk of this Court stating, "The order dismisses the appeal and is being issued in lieu of the mandate." We also denied a motion for reconsideration on October 24, 1988.

3. Urging that the correct answer is "yes," Moore relies chiefly on two cases: *Jones* and *Hammon-*

tree. In *Jones v. Smith*, 685 F.Supp. 604 (S.D.Miss.1988), a district court entered a writ of habeas corpus directing that life sentence be imposed upon the petitioner after Mississippi failed to comply with an earlier district court order requiring that petitioner be granted a new sentencing hearing within 180 days of the conclusion of his appeals. The *Jones* decision was never appealed, and its holding does not bind us.

In *Hammontree v. Phelps*, 605 F.2d 1371, 1381 (5th Cir.1979), the court wrote, "[w]e suggest that the state be given a reasonable time, say ninety days, within which to retry the petitioner; otherwise, it must permanently discharge him from custody." *Hammontree*'s suggestion is dicta and therefore not binding on us.

At the outset, we stress that we do not read the district court's 1988 order to say that, if Moore were not resentenced within 180 days, he could never be resentenced. The district court's words do not expressly purport to limit Georgia's resentencing powers to a certain period. Instead, we read it as saying that, unless Moore were resentenced within 180 days, Moore would have to be treated by Georgia not as someone in its custody pursuant to a death sentence, but as an unsentenced person. Still Georgia, as we shall discuss, might even then seek to resentence Moore to death.

Federal courts pursuant to their authority to dispose of habeas matters as "law and justice require" often delay a state prisoner's release from custody for a reasonable time to allow the state an opportunity to correct the constitutional defects that make the custody unlawful. *See Mahler v. Eby,* 264 U.S. 32, 42, 44 S.Ct. 283, 68 L.Ed. 549 (1924); *Miller v. Oklahoma,* 363 F.2d 843, 844 (10th Cir.1966). This delay is sometimes called a conditional grant of the writ. But, if the state fails to correct the defect within the given time and the prisoner is released from custody, the state may ordinarily still rearrest and reprosecute that person. *See Carter v. Rafferty,* 781 F.2d 993, 998 (3d Cir.1986) (effect of granting writ was to release petitioner from custody from constitutionally unfair trial but did not impede right to retry defendant); *Gardner v. Pitchess,* 731 F.2d 637, 640 (9th Cir.1984) (granting of writ of habeas corpus does not preclude retrial of defendant); *United States ex rel. Craig v. Myers,* 329 F.2d 856, 860 (3d Cir.1964) (same); *United States ex rel. Lowry v. Case,* 283 F.Supp. 744, 745 (E.D.Pa.1968) (same). The grant of the writ says that petitioner's current incarceration is unlawful, but it does not usually adjudicate the constitutionality of future state acts directed at the petitioner.

In this case, if Georgia waits too long, the state could lose the right to sentence Moore to death. Moore has speedy trial rights under the sixth amendment that would cover a death penalty proceeding. *United States v. Howard,* 577 F.2d 269, 270 (5th Cir.1978) ("constitutionally guaranteed right to speedy trial applies to sentencing").[4] But adjudication of speedy trial rights is a factually specific inquiry in which many factors are important. In particular, it is often considered important that the petitioner himself promptly move to demand a speedy trial.[5]

For the district court's 180–day resentencing period to be a true bar to state resentencing, the limit would have had to be based on sixth amendment speedy trial rights. But the district court in 1988 had no authority to adjudicate Moore's speedy trial rights for a new death penalty hearing. Our mandate to the district court was limited to *Brady/Giglio* claims. *Moore,* 809 F.2d at 734–35. Moore's habeas petition presented no speedy trial issues nor were such issues otherwise before the district court. And, as we have already suggested, speedy trial rights cannot be adjudicated prospectively and in the abstract. In this case, the district court could not properly adjudicate speedy trial rights; and we think the district court never, in fact, attempted to do so. Instead, the 180–day period was intended as a delay to give the state time, before changing Moore's custodial status, to correct its constitutional error involving the original death sentence.

Moore still has speedy trial rights. They can be asserted in state court when the state attempts to resentence him. The state courts may accept his arguments. If not, after exhausting his state remedies, he may be able to assert his speedy trial arguments in federal court. But that will be a new habeas case, asserting constitutional

4. In *Bonner v. Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), this Court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided before October 1, 1981.

5. *See generally Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (endorsing balancing approach for analyzing alleged deprivations of speedy trial rights which include length of delay, prejudice to defendant, defendant's assertion of his right and reason for delay).

claims that arose after the filing of this habeas petition, after the constitutional claims properly asserted in this case had already been adjudicated, and after a retrial on sentencing was already called for. *See Pitchess v. Davis*, 421 U.S. 482, 490, 95 S.Ct. 1748, 1753, 44 L.Ed.2d 317 (1975) (law does not permit federal habeas court to maintain continuing supervision over retrial conducted pursuant to conditional grant of writ granted by the habeas court).

When petitioner moved to enforce the 1988 order and the state moved for additional time, the district court properly reexamined its 1988 order to see if it still was equitable to enforce the order. The court, as it had the power to do as a habeas court, gave the state more time. More important, the district court's order appealed from— like the original 1988 opinion and order—is only a custody order; none of its terms preclude state resentencing.

AFFIRMED.