30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dean VINCENT, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 94-5028.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Dean Vincent, a pro se Kentucky prisoner, appeals a district court order denying his motion filed pursuant to Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Vincent and two co-defendants (Leroy Kinser and Ronald Johnson) were convicted of first-degree burglary, first-degree robbery, and murder. They were sentenced to twenty years in prison on both the burglary and robbery convictions and life imprisonment for the murder conviction. Vincent's convictions, along with the other two co-defendants, were affirmed by the Kentucky Supreme Court on direct appeal. Kinser v. Commonwealth, 741 S.W.2d 648 (Ky.1987).
 
 
 3
 Thereafter, Vincent filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court denied the petition. On appeal, the Sixth Circuit vacated the judgment denying the habeas petition and remanded the case to the district court with directions to grant Vincent a writ of habeas corpus in the event that the Commonwealth of Kentucky did not afford Vincent a new trial within a reasonable time. Vincent v. Parke, 942 F.2d 989 (6th Cir.1991).
 
 
 4
 Thereafter, on June 12, 1992, Vincent, through appointed counsel, moved the district court to order his release from state custody. Vincent premised his request on the State's unreasonable delay in retrying him. On November 17, 1992, the district court issued a writ of habeas corpus, noting that "[a] reasonable time has long since passed and the Commonwealth has not retried petitioner." The court ordered that Vincent be released if Vincent's incarceration was due solely to his unconstitutional conviction. If, however, Vincent was incarcerated or held for other reasons, he would remain in custody on those terms despite the writ. The court stayed final effect and imposition of the writ until November 24, 1992. An amended writ of habeas corpus was issued on November 19, 1992. The amended writ reinforced the holding that the Commonwealth could continue to incarcerate Vincent on other grounds.
 
 
 5
 On November 30, 1992, Vincent, through appointed counsel, filed a second motion for immediate release from state custody. He again premised his request on the State's unreasonable delay in retrying him. The district court denied Vincent's request in an order entered December 1, 1992.
 
 
 6
 The record reflects that Vincent was retried on February 8, 1993, was convicted again, and was sentenced to fifteen years in prison on both the burglary and robbery convictions and life imprisonment for the murder conviction. Vincent has appealed his convictions to the Kentucky Supreme Court.
 
 
 7
 On November 9, 1993, Vincent filed the motion that forms the basis for this appeal. Essentially, Vincent sought to reopen his habeas corpus proceedings in order to litigate the delay in retrying him. The district court denied Vincent's Rule 60(b) motion in an order entered December 28, 1993.
 
 
 8
 This court reviews the order denying Vincent's Rule 60(b) motion to determine whether the district court abused its discretion in denying relief. Miller v. Owsianowski (In re Salem Mortgage Co.), 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health & Human Servs., 776 F.2d 1330, 1332 (6th Cir.1985). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See Southward v. South Cent. Ready Mix Supply Corp., 7 F.3d 487, 492 (6th Cir.1993); Hoffman v. Merrell Dow Pharmaceuticals, Inc. (In re Bendectin Litigation), 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 9
 Upon review, we conclude that the district court did not abuse its discretion in denying Vincent's Rule 60(b) motion. This court lacks jurisdiction to review the timeliness of the district court's November 19, 1992, order, because Vincent did not appeal from that order. A Rule 60(b) motion cannot toll the time to appeal from, or affect the finality of, a district court order. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); see also Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). Moreover, the district court had no authority to adjudicate Vincent's speedy trial rights for a new trial. The Sixth Circuit's mandate to the district court was limited to Vincent's confrontation rights under Bruton v. United States, 391 U.S. 123 (1968). Vincent's habeas petition presented no speedy trial issues nor were such issues before the district court. "[S]peedy trial rights cannot be adjudicated prospectively or in the abstract." Pitchess v. Davis, 421 U.S. 482, 490 (1975); Moore v. Zant, 972 F.2d 318, 320 (11th Cir.1992), cert. denied, 113 S.Ct. 1650 (1993). Such a claim is more appropriately brought in a new habeas case following exhaustion of available state court remedies. Because the district court had no authority to adjudicate Vincent's speedy trial claim, the district court acted within its considerable discretion by denying relief sought pursuant to Fed.R.Civ.P. 60(b).
 
 
 10
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.