70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas James CLEARY Petitioner-Appellant
v.
Mark A. HENRY, Warden, Metropolitan Correctional Center
Respondent-Appellee
 No. 94-56714.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Nov. 17, 1995.
 
 1
 Before: HALL and JOHN T. NOONAN, Jr., Circuit Judges, SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Thomas James Cleary appeals from an order denying his petition for a writ of habeas corpus. Cleary contends that the district court erred in denying his motion for release following the Parole Commission's failure to hold a timely parole revocation hearing. Cleary also argues that he was prejudiced by parole revocation hearings held on October 6, 1994, and December 7, 1994, because he was unable to produce witnesses. Having reviewed the briefs submitted, we affirm the district court's order.
 
 I.
 
 4
 A district court's decision to grant or deny a conditional writ of habeas corpus is reviewed de novo. McKinney v. Rees, 993 F.2d 1378, 1380 n. 1 (9th Cir.), cert. denied, 114 S.Ct. 662 (1993).
 
 A.
 
 5
 Appellant contends his parole revocation hearing was not held within the time limits set by the district court's order granting a conditional writ of habeas corpus. To be entitled to habeas corpus relief, appellant must demonstrate that he was prejudiced by the delay in conducting his parole revocation hearing. Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir.1989).
 
 
 6
 Due to an error by the United States Attorney's office, the Parole Commission was never notified of the district court's order regarding a new revocation hearing. By the terms of the order, appellant should have received a revocation hearing by June 18, 1994.
 
 
 7
 The Parole Commission was notified of the error in September and soon thereafter scheduled a revocation hearing for October 6, 1994. Appellant was provided with proper notice of the hearing and was represented by counsel at the proceeding. Evidence presented at the hearing revealed that on March 10, 1994, appellant had pled guilty to state charges of manufacturing methamphetamine. The commission found that the methamphetamine count constituted grounds for revocation of parole and set appellant's release date back to 1998.
 
 
 8
 Even if appellant's parole revocation hearing had taken place in June 1994, the result would have been no different from the October proceeding. As of March 1994, appellant had pled guilty to a crime which was clearly a violation of his parole term. 28 C.F.R. Sec. 2.40(a)(6). Thus, regardless of whether the hearing had take place in June 1994 or October 1994, the commission would have had sufficient grounds to revoke appellant's parole. Accordingly, the court finds that appellant suffered no prejudice as a result of the delay and is therefore not entitled to habeas corpus relief.
 
 B.
 
 9
 Appellant contends that he was prejudiced at the parole revocation proceedings because he was unable to produce witnesses. At the hearing, the commission panel offered appellant a continuance so that he might locate his witnesses, but appellant explicitly waived his right to a continuance. We also note that during the three-week interim period between his initial revocation hearing and the reconsideration hearing, appellant could have attempted to locate those witnesses. However, appellant offered no witnesses at the later proceeding in December 1994 and did not raise the issue of witnesses at that hearing.
 
 
 10
 Having once waived his right for a continuance to produce witnesses, appellant cannot now cry foul. We find that appellant was not prejudiced by an inability to produce witnesses at either of the revocation proceedings and is therefore not entitled to habeas corpus relief on these grounds.
 
 C.
 
 11
 When a state fails to satisfy the conditional writ, the court may release a petitioner from custody. See Foster v. Lockhart, 9 F.3d 722, 727-28 (8th Cir.1993) (release appropriate where state fails to cure defect pursuant to conditional writ). The state then has the power to re-arrest and re-prosecute the successful habeas petitioner. Id.; accord Moore v. Zant, 972 F.2d 318, 320 (11th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1650 (1993).
 
 
 12
 In this instance, the court does not find that immediate release was merited. As noted above, there were ample grounds to revoke appellant's parole and he was not prejudiced by the delay in proceedings. Federal courts are required to dispose of habeas corpus petitions as "law and justice require." 28 U.S.C. Sec. 2243. We find the district court's order denying immediate release comports with that standard. Accordingly, the district court's order denying appellant's writ for habeas corpus is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3