United States Court of Appeals,

Eleventh Circuit.

No. 94-3397.

Alphonso CAVE, Petitioner-Appellant,

v.

Harry K. SINGLETARY, Jr., Respondent-Appellee.

May 22, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 88-977-Civ-T-25B), Henry Lee Adams, Jr., Judge.

Before KRAVITCH, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Alphonso Cave appeals the district court's denial of his motion for enforcement of the writ of habeas corpus previously issued by the court. Cave argues that the district court was clearly erroneous in its determination that his attorney agreed to postpone the date for resentencing beyond the time period set forth in the district court's prior order granting the writ. He also argues that the district court erred in its conclusion that the prior order permitted postponement by consent of the parties. We affirm.

## I. BACKGROUND

In 1982 Cave was convicted of first degree murder, armed robbery, and kidnapping. Consistent with the jury's recommendation, the trial judge sentenced Cave to death. The Florida Supreme Court affirmed. *Cave v. State,* 476 So.2d 180 (Fla.1985), *cert. denied,* 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986). Cave's petition for state post-conviction relief was

denied and the Florida Supreme Court affirmed. *Cave v. State,* 529 So.2d 293 (Fla.1988).

Cave then filed his first petition for a writ of habeas corpus under 28 U.S.C.A. § 2254, which was granted in part by the district court. The district court held that Cave received ineffective assistance of counsel in both the guilt and sentencing phases of his capital trial, but that he suffered prejudice at only the sentencing phase. *See Cave v. Singletary,* 971 F.2d 1513, 1520-30 (11th Cir.1992) (appendix). Accordingly, the court vacated Cave's death sentence and ordered the state to resentence him. The district court's order forms the basis of the present dispute. In this order, issued on August 3, 1990, the district court stated, in relevant part:

> Petitioner's petition for habeas corpus relief is granted as to Petitioner's claim of ineffective assistance of counsel during the sentencing phase of his trial. Respondent the State of Florida is directed to schedule a new sentencing proceeding at which Petitioner may present evidence to a jury on or before 90 days from the date of this Order. Upon failure of the Respondent to hold a new sentencing hearing within said 90 day period without an order from this Court extending said time for good cause, the sentence of death imposed on the Petitioner will be vacated and the Petitioner sentenced to life imprisonment.

*Id.* at 1530. On August 13, 1990, Respondent filed a timely motion to alter or amend judgment and a motion to stay further proceedings pending reconsideration and appeal. On September 25, 1990, the district court granted Respondent's motion to stay proceedings pending appeal and denied Respondent's motion to alter or amend. We affirmed, *id.* at 1520,[1] and our mandate issued on September 17,

---

[1]We affirmed the district court's conclusion that Cave had received ineffective assistance of counsel at both phases of his capital trial, but that he had only suffered prejudice at the

1992.

On October 20, 1992, the Honorable Thomas Walsh was designated as an acting circuit judge in Martin County, Florida, to preside over Cave's resentencing, and the public defender's office was appointed to represent Cave. On October 22, 1992, Judge Walsh held a status conference at which a date for resentencing was established. After soliciting preliminary information from Mr. Phil Yacucci, the assistant public defender representing Cave, as to whether his office would have a conflict of interest in representing Cave, the following colloquy took place:

> THE COURT: Okay. Alright, Judge Cianca has appointed your office to represent Mr. Cave [and] until further notice that's the way we're going to have it. I'm here to set this case for trial within the mandated time period. I'd be asking—a couple of things are going to happen. First, I'm going to set this case for trial Monday morning—I'm sorry, Monday afternoon commencing at 1:30 on November 30. Mr. Barlow [the prosecutor], I'm going to need an order from you ... to transport [Cave] back here as soon as possible....

> MR. BARLOW: Yes, Judge.

> THE COURT: As soon as he gets back here, Mr. Yacucci, I need you to sit down and talk with [Cave]. Review whatever you've got in your office if anything even exists as to this case at this time period. In the initial conversations with your client I want to know number one whether you are going to be ready for trial by November 30th. I need to know that as soon as possible so that we can coordinate. And I know that that is not a realistic time period and I know that you are coming into this brand new, but we're going to set it within the mandated time period and after speaking with your client if you need more time I'm going to give you a second date. I can give you three weeks on April 26th, which is Monday, and go on from there. I can give you two weeks on February 1st, and I'm not even sure if that's going to be enough time.

> MR. YACUCCI: Judge, I would of course—will be appearing on November 30. I anticipate if the public defender's office

---

penalty phase. *Id.* at 1519-20. The parties did not raise and we did not address the portion of the district court's order at issue in this appeal.

represents him that it will be at least until April seeing that this was a death case. I have a call into the prior public defender who represented Mr. Cave. I will confer with him. I will also check all the records that exist in my office to see whether there is a conflict and if there is, if it is a continuing conflict, if it was just for the guilt phase whether it would continue into the penalty phase that we're at now and we wouldn't have to re-try the guilt, just the penalty phase. So all of those questions we just don't have the answers to now. I will talk to Mr. Cave as soon as he gets back and we will have those answers on November 30th.

THE COURT: Okay, well I'd hoped to have those answers long before November 30th. Once we get him back here then I would like to be notified after he gets back here by—Mr. Barlow, you'll kind of know when he comes back, right?

MR. BARLOW: I will, Judge. I'll ask the sheriff's department to give me a call as soon as he hits the jail doors.

THE COURT: Alright, and if you'll notify me then I'll look at my calendar, have my judicial assistant call both of you all, and we'll set another hearing after you've had five or six days with him.

MR. YACUCCI: Fine.

THE COURT: And you'll have five or six days before he even gets here to find out about whether there is or is not a conflict.

MR. YACUCCI: We'll find that out.

THE COURT: And then we'll set any pending motions and let's get that part resolved as soon as possible, talk to him about whether he wants to try this case as expeditiously as possible, or if he wants to give you an opportunity to prepare for this. And we'll go from there. Other than transporting him today, getting the public defender appointed, and setting this case for trial, is there anything else we need to do at this time? Mr. Barlow—

MR. BARLOW: No, Judge, those were the issues that I outlined to the court administrator.

THE COURT: Mr. Yacucci?

MR. YACUCCI: No, Your Honor, I think that's it.

THE COURT: Okay, we'll be in recess on this one.

On November 17, 1992, Yacucci filed a motion to continue

resentencing and the court set a new date of April 26, 1993. Yacucci stated in this motion that he needed additional time to investigate a ten-year old conflict which may have existed when Cave first went to trial. Further, Yacucci stated that he needed "at least until April, 1993 in order to secure and review trial transcripts, depositions and statements as well as to undertake a complete penalty phase background investigation which was apparently never done by Defendant's trial counsel in 1982...." Thereafter, upon motion by Yacucci to withdraw due to a continued conflict of interest, the court appointed a different attorney to represent Cave.

On April 6, 1993, Cave's new counsel moved for imposition of a life sentence for failure to comply with the 90-day time limit imposed by the district court's order. The state trial court denied the motion and thereafter conducted a resentencing hearing at which Cave was again sentenced to death. On September 21, 1993, the Florida Supreme Court vacated Cave's second death sentence and remanded the case for a new sentencing hearing before a different state trial judge. *Cave v. State of Florida,* 660 So.2d 705 (Fla.1995).[2]

Meanwhile, on August 19, 1993, Cave filed a motion requesting that the district court enforce its order granting the writ.[3] Upon consideration of the transcript of the October 22, 1992, status

[2]The Florida Supreme Court vacated Cave's sentence on the grounds that Judge Walsh improperly decided a motion for his own disqualification from the case.

[3]He filed this motion immediately after the state court denied his motion to enforce the 90-day limitation period.

conference, the state trial court's ruling rejecting Cave's motion for imposition of a life sentence, and its own prior order, the district court denied Cave's motion.[4]  Specifically, it found, in relevant part:

> The State Court timely commenced the re-sentencing proceedings on October 22, 1992 (Dkt. # 72).  Upon agreement of the parties the trial date was set for November 30, 1992.  Upon the request of Petitioner's counsel, the trial was continued until April 1993.  Moreover, the record shows that following several other delays either caused or consented to by the Petitioner, an Order re-sentencing the Petitioner was entered on June 25, 1993.

Accordingly, the court held that "the re-sentencing of the Petitioner complied with this Court's order...."  This appeal ensued.[5]

---

[4]Although the same district court adjudicated Cave's motion for enforcement of the writ, a different district court judge presided over the matter.

[5]In its brief, the State contends that Cave has failed to exhaust the issue of the effect of the habeas order in state court and therefore that he is precluded from seeking federal habeas relief based on this order.  *See* 28 U.S.C.A. § 2254(b) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State....");  *see generally Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (discussing exhaustion doctrine).

> Subsequent to the filing of the State's brief in this case, the Florida Supreme Court handed down its decision vacating Cave's second death sentence based on procedural flaws in the state trial judge's handling of a motion for his own disqualification.  In this opinion, the Florida Supreme Court noted, but did not address, Cave's claim that the district court's habeas order mandated imposition of a life sentence.  By remanding for resentencing on the disqualification motion issue, however, the Florida Supreme Court implicitly rejected Cave's habeas order claim: resentencing would have been moot if Cave's argument that he was entitled to a life sentence were valid.  Therefore, even if Cave's claim regarding enforcement of the original habeas order had not been exhausted at the time his second habeas petition was filed in the court, it is certainly exhausted now that the Florida Supreme Court has rejected it.  Cave

## II. DISCUSSION

Cave argues that the district court's factual finding of an agreement between the parties to set the resentencing date beyond the 90-day time limit is clearly erroneous. He contends that the state judge set the date for November 30 under the erroneous assumption that this date was within the 90-day period. The transcript of the October 22 status conference, according to Cave, does not indicate that Yacucci agreed to a specific date for the trial, but rather, that he merely acquiesced in the court's determination.

We disagree. The district court's findings of fact with respect to the status conference are not clearly erroneous. As a preliminary matter, we note that under a calculation of time most favorable to Cave, the 90-day time period contemplated by the district court's August 3, 1990, order would not have expired as of the October 22 status conference.[6] The fact that this hearing was held within the 90-day period does not alone satisfy the terms of the district court's order. The critical issue is whether the parties agreed at the October 22 status conference to a particular resentencing date.

The district court's conclusion that an initial agreement was reached at the October 22 status conference is not clearly erroneous. A fair reading of the transcript from the status

has available no further state remedies with respect to this claim, and it is ripe for federal habeas review.

[6]In light of our resolution, we need not address the calculation of the 90-day time frame which is addressed by the dissent and disputed by the parties.

conference reveals an implicit agreement that resentencing would take place on November 30, 1992. Judge Walsh displayed appropriate concern that the sentencing proceedings commence within the 90-day period imposed by the district court. Judge Walsh explicitly offered Yacucci the opportunity to expedite resentencing if he desired. The significant fact is that all parties at the October 22 status conference concurred in the decision to hold the resentencing hearing on November 30 unless counsel for Cave requested a further extension. Our conclusion that there was such an agreement[7] derives strong support from the fact that the parties at the October 22 status conference explicitly noted that the 90-day period could be extended by later agreement. Both the court and counsel for Cave expressed the view that Cave's defense would need more time for preparation. Indeed, such an understanding is evidenced by Yacucci's subsequent motion to postpone the sentencing hearing until April 1993.[8]

---

[7]The dissent contends that the transcript of the October 22 status conference reveals mutual mistake and that such mistake should be borne by the State. We disagree. We believe the significant fact is that Cave's counsel agreed to a particular date. Whether he was laboring under a mistake of fact or law as to the true expiration date is less significant than the clear and obvious fact that the interests of his client required more time.

[8]Even if Yacucci's actions do not rise to the level of an implicit agreement to an extension, his actions—i.e., actively discussing the date of the resentencing and the state of the defense preparation—certainly constitute a waiver of any objection to the extension. The dissent rejoins that such waiver was not an "intentional relinquishment of a known right or privilege." *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). We decline to apply that standard in this situation, i.e., far afield of its customary constitutional context. *Cf. Schneckloth v. Bustamonte,* 412 U.S. 218, 235, 93 S.Ct. 2041, 2052, 36 L.Ed.2d 854 (1973) ("Our cases do not reflect an uncritical demand for a knowing and intelligent

Even assuming that Yacucci agreed to extend the time for resentencing, Cave argues that any such agreement is a nullity because the district court's August 3, 1990, order provides that a further order of the district court was the exclusive means of extending the time.[9]  We disagree.  The district court construed the meaning of its own prior order as permitting extension of the original 90-day period by mutual agreement.  The district court's interpretation of its own order is properly accorded deference on appeal when its interpretation is reasonable.  *See Commercial Union Ins. Co. v. Sepco Corp.,* 918 F.2d 920, 921 (11th Cir.1990) (citing *Alabama Nursing Home Ass'n v. Harris,* 617 F.2d 385, 388 (5th Cir.1980)).  *See also Matter of Chicago, Rock Island and Pacific R.R. Co.,* 865 F.2d 807, 810-11 (7th Cir.1988) ("We shall not reverse a district court's interpretation of its own order unless the record clearly shows an abuse of discretion.  The district court is in the best position to interpret its own orders.") (citations and internal quotation marks omitted); *Anderson v. Stephens,* 875 F.2d 76, 80 n. 8 (4th Cir.1989) (appellate court must afford "the inherent deference due a district court when it construes its own order"); *Michigan v. Allen Park,* 954 F.2d 1201,

---

waiver in every situation where a person has failed to invoke a constitutional protection.").  Rather, any "right" or "privilege" in this case derives not from the Constitution, but solely from a strict construction of district court's August 3, 1990 order. The waiver at issue here is more analogous to the waiver resulting from the failure of counsel to object at trial.  *Cf. United States v. Teague,* 953 F.2d 1525, 1531 (11th Cir.1992) (en banc) (discussing difference between rights waivable by defense counsel on the defendant's behalf and those waivable only by the defendant).

[9]The dissent adopts this argument.

1213 (6th Cir.1992) ("[A]n appellate court should accord deference to a district court's construction of its own earlier orders, if that construction is reasonable."). The district court's construction of its order is reasonable, especially in light of the fact that the extensions benefitted Cave. Thus, we hold that the sentencing proceedings in state court were not inconsistent with the district court's order or the mandate of this Court.[10]

### III. CONCLUSION

Accordingly, the judgment of the district court is

AFFIRMED.

KRAVITCH, Circuit Judge, dissenting:

### I.

The threshold question in this case is whether the State did, in fact, resentence Cave within the 90 day time frame specified by the habeas order so as to avoid the conditional mandate of a life sentence. In denying Cave's petition, the district court found that the state court "timely commenced the re-sentencing proceedings on October 22, 1992," setting a trial date of November 30, 1992, "[u]pon agreement of the parties." It is unclear whether the district court believed that the October 22 scheduling conference was in itself sufficient to comply with the terms of the habeas order or that Cave waived the right to enforce the conditional habeas order by agreeing to a trial date outside the 90 day time limit. On appeal, the parties dispute both when the

---

[10]In light of this conclusion, we need not address whether a district court possesses the authority to issue a conditional order permanently forbidding resentencing or, assuming such authority, whether the district court's August 3, 1990, order appropriately exercised such authority.

resentencing time limit expired and when a "new sentencing hearing," within the meaning of the habeas order, was held. The majority bases its affirmance solely on the determination that the 90 day period was extended by agreement of the parties.[1]

---

[1]Although the majority does not address the calculation of the 90 day time period, the State challenges the district court's finding that the period expired on October 25, 1992. I note in passing that the district court was correct.

   The district court's habeas order was issued on August 3, 1990. The 90 days were to be counted "from the date of this Order." On August 13, the State filed a timely motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59, along with a motion to stay the habeas order pending appeal. On September 25, the district court denied the Rule 59 motion but granted the motion to stay pending appeal to this court, apparently stopping the 90 day clock after 53 days had elapsed. The opinion of this court was issued on September 17, 1992. With the 90 day clock again running, on October 22, the state court judge, Judge Walsh, conducted the status conference at which Cave's resentencing was scheduled for November 30. The 90 day period would have expired on October 25, as the district court found. (The district court's order states, "Thus, the State had until October 25, 1992 to comply with this Court's Order regarding Petitioner's re-sentencing.")

   Challenging this finding of fact, the State offers a novel recounting of days. It asserts that the filing of its Rule 59 motion on the tenth day after issuance of the order should have tolled the 90 day resentencing clock in the same way that the filing of a Rule 59 motion tolls the time allowed for filing an appeal, *see* Federal Rule of Appellate Procedure 4(a)(4). Accordingly, the State argues, the 90 day time limit would not have expired until some time in December, after Cave's counsel had requested a continuance on November 17. By requesting a continuance before the 90 day period had expired, the argument goes, Cave would have waived the right to enforce the resentencing time limit. (The State also contends that Federal Rule of Civil Procedure 62(a) would operate to toll the running of the 90 day period for ten days after entry of the district court's order. Even if so, however, the additional ten days would make no difference because Cave's counsel's request for a continuance still would have been made after the 90 days had expired.)

   The premise of the State's argument is dubious. Not only does the State fail to cite a case in support of the

Inasmuch as the district court based its denial of habeas relief on the fact that the scheduling conference was held before the 90 day time limit expired, it ignored the clear language of the original habeas order:

> Respondent the State of Florida is directed to schedule a new sentencing proceeding at which Petitioner may present evidence to a jury on or before 90 days from the date of this Order. Upon failure of the Respondent to hold a new sentencing hearing within said 90 day period without an Order from this Court extending said time for good cause, the sentence of death imposed on the Petitioner will be vacated and the Petitioner sentenced to life imprisonment.

Conceivably, the first sentence, read by itself, could be thought ambiguous as between directing that the act of scheduling occur within 90 days and directing that a sentencing proceeding before a jury commence within 90 days. But the two sentences together leave little room for interpretation: if the State fails to hold a new sentencing hearing—at which Cave may present evidence to a jury—within the designated time period, then Cave is to be sentenced to life imprisonment. Merely scheduling such a hearing is not, on the terms of the habeas order, sufficient.[2]

---

proposition that the filing of a petition for rehearing tolls the time period of a conditional habeas order, but it fails to cite binding precedent apparently to the contrary. *See Tifford v. Wainwright*, 588 F.2d 954, 957 (5th Cir.1979) (90 day resentencing period specified in conditional habeas order not tolled by state's petition for rehearing). The State has no basis for concluding that the district court was clearly erroneous in finding that the 90 day resentencing time limit had expired on October 25. Consequently, Cave's counsel's request for a continuance on November 17 is irrelevant to the issue of the State's compliance with the habeas order.

[2]The presiding state court judge at the scheduling conference described his task as "to set this case for trial within the mandated time period." R.72, Tr. of Oct. 22, 1992 Hr'g at 3. This would seem an odd remark had the scheduling conference itself been understood to discharge this

Apparently accepting that the scheduling conference itself was not sufficient to discharge the State's time-limited obligations under the habeas order, the majority construes what happened at that scheduling conference as an "agreement" to continue resentencing beyond the 90 day period. There are two serious problems with that approach.

First, nowhere in the habeas order is there any provision for extensions of the 90 day resentencing time limit by agreement of the parties; to the contrary, the order expressly provides a different mechanism for extending the 90 day period: "an Order from this Court extending said time for good cause."[3] The order was a direction from the district court to the State; Cave simply lacked the power unilaterally to forgive the State of its court-imposed obligation.[4]

Second, assuming that express agreement by Cave to postpone resentencing beyond the 90 day period would suffice to waive the time limit, the transcript of the October 22, 1992, scheduling conference reveals no such agreement. Instead, it is evident from

responsibility.

[3]The State never availed itself of the habeas order's invitation to petition the district court for such a "good cause" extension of the 90 day resentencing period.

[4]Insofar as the second district judge interpreted the order drafted by the first district judge to permit extension of the 90 day period by agreement, I doubt this misreading is, as the majority argues, entitled to this court's deference. Although we generally defer to a district judge's reasonable interpretation of his own order, the only rationale for doing so—that the district judge who drafted the order is in the best position to know what he meant to say—disappears when the judge doing the interpreting is not the same person as the judge who did the drafting. In any case, the interpretation imposed on the order by the second district judge was, in my opinion, unreasonable.

the transcript that everyone in attendance at the October 22 conference erroneously believed that the tentative date set for the resentencing hearing, November 30, 1992, was within the 90 day period.[5] It is true that the attorney from the public defender's office who was present at the conference apparently concurred in the judge's doubt that the public defender's office would be ready for trial on November 30; but it is also true that this attorney did not consent to any date other than November 30 at the conference, let alone acknowledge that the 90 day limit might have to be extended or waived.[6]

Because, by all indications, everyone at the conference mistakenly believed that November 30, 1992, was within the 90 day period, there is no way that the lawyer representing Cave (who was not himself present) could have knowingly waived the 90 day limit

---

[5]There is no evidence in the record to suggest that Cave's counsel knew that the 90 day period would expire at the end of October and was withholding this knowledge from the state court or that he was otherwise strategically delaying in the hope that the 90 day period would expire before Cave was resentenced. Cave's counsel was newly appointed and had not even spoken with Cave at the time of the scheduling conference.

[6]The majority says that its "conclusion that there was such an agreement derives strong support from the fact that the parties at the October 22 status conference explicitly noted that the 90-day period could be extended by later agreement." I am not sure what the majority means by "explicitly noted," as no one at the scheduling conference actually said anything about what sort of procedure would suffice to extend the resentencing period. While the participants did contemplate putting off the resentencing proceedings until April, there is no way of telling from the transcript whether they believed that their agreement to do so would be sufficient to comply with the habeas order or whether instead the government would have to petition the district court for a "good cause" extension. In any case, the attorney from the public defender's office did not agree to any date that he did not believe (albeit mistakenly) was within the 90 day period.

or consented to an extension. *Cf. Hamilton v. Watkins,* 436 F.2d 1323, 1326 (5th Cir.1970) ("The accepted classic definition of waiver is ... "an *intentional* relinquishment or abandonment of a *known* right or privilege.' ") (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)) (emphasis added). The only question, then, is which party should bear the "cost" of this mutual mistake. I believe it should be the State. The habeas order was directed to the State, not Cave, and the State was in a better position to ensure compliance by initiating resentencing within the mandated period or requesting a "good cause" extension.

The majority argues that Cave's temporary counsel at the sentencing hearing forfeited Cave's "entitlement" to be resentenced within 90 days by analogy to defense counsel's forfeiture of a right by failing to object to its violation at trial. This line of reasoning iterates the error of viewing the habeas order as granting Cave a right or entitlement—which he could subsequently forfeit through his own negligence—instead of directing the State to do something—an obligation that would persist irrespective of the actions of Cave or his counsel. Worse, the majority assumes that the responsibility for ensuring resentencing within the 90 day period falls not on the State but, perversely, on Cave himself. Neither the State nor Cave "objected" at the scheduling hearing to the imminent failure of the judge to order resentencing within the specified period because neither was aware of the miscalculation of time. I do not understand the majority's view that Cave alone should be punished for a failure primarily, if not exclusively,

attributable to the State.

II.

Given that the State failed to hold a rescheduling hearing within the 90 day period, the only question remaining is the enforceability of the district court's habeas order mandating imposition of a life sentence. Issuing such an order is, under some circumstances, within the authority of a habeas court. Consequently, the district court was within its habeas jurisdiction in issuing the order, and the order is not unenforceable *per se.* Moreover, the further question of whether the conditional bar against resentencing was an appropriate exercise of the district court's discretion on the facts of this case is not properly before this court because the State failed to challenge the form of habeas relief granted by the district court in its previous Eleventh Circuit appeal. I would conclude, therefore, that the habeas order should be enforced as written, imposing on Cave a final sentence of life imprisonment.

The federal habeas statute empowers federal courts to grant relief "as law and justice require," 28 U.S.C. § 2243, and expressly contemplates remedies other than release from custody, *see* 28 U.S.C. § 2244(b) ("release from custody or other remedy on an application for a writ of habeas corpus"). The Supreme Court consistently has emphasized that a federal court is vested " "with the largest power to control and direct the form of judgment to be entered in cases brought up before it on *habeas corpus.*' " *Hilton v. Braunskill,* 481 U.S. 770, 774, 107 S.Ct. 2113, 2118, 95 L.Ed.2d 724 (1987) (quoting *In re Bonner,* 151 U.S. 242, 260, 14 S.Ct. 323,

327, 38 L.Ed. 149 (1894)).  Most commonly, courts granting habeas relief issue "conditional release" orders, which require the state to release the petitioner from custody or from an unconstitutional sentence unless the petitioner is retried or resentenced within some specified (or a "reasonable") period of time.  Ordinarily, if the state fails to retry or resentence the petitioner within the designated period of time, it may still rearrest and retry or resentence the successful habeas petitioner at a later time.[7]  *See Moore v. Zant,* 972 F.2d 318, 320 (11th Cir.1992), *cert. denied,* 507 U.S. 1007, 113 S.Ct. 1650, 123 L.Ed.2d 271 (1993).

The question presented here, however, is whether a habeas court has the authority to issue a conditional order *permanently* forbidding reprosecution or resentencing if the state fails to act within a specified time period.  (On the facts of this case, this question becomes whether a habeas court can forbid further state capital sentencing hearings once a death sentence has been held unconstitutional and the state has failed to comply with the procedural requirements of the resulting habeas order.)  Three out of four circuits to have decided this issue have held that federal courts do have the authority to bar retrial of a habeas petitioner who has successfully challenged his or her conviction.  *See Capps v. Sullivan,* 13 F.3d 350, 352 (10th Cir.1993);  *Foster v. Lockhart,* 9 F.3d 722, 727 (8th Cir.1993) ("district court has authority to preclude a state from retrying a successful habeas petitioner when the court deems that remedy appropriate");  *Burton v. Johnson,* 975

---

[7]Of course, the defendant's Sixth Amendment speedy trial rights may be asserted against retrial in state court and, if that fails, in a subsequent federal habeas petition.

F.2d 690, 693 (10th Cir.1992), *cert. denied,* 507 U.S. 1043, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993); *Heiser v. Ryan,* 951 F.2d 559, 564 (3d Cir.1995). Only the Fifth Circuit has indicated that a habeas court lacks the power to permanently bar a state from retrying or resentencing a defendant. *See Smith v. Lucas,* 9 F.3d 359, 365-67 (5th Cir.1993), *cert. denied,* --- U.S. ----, 115 S.Ct. 98, 130 L.Ed.2d 47 (1994). *But see Smith v. Lucas,* 16 F.3d 638, 641 (5th Cir.) (on appeal from the district court's order on remand from the previous Fifth Circuit *Smith* decision, purporting only to "*have some doubt* as to whether a federal court has the authority to enter" a habeas order prohibiting the state from subsequently seeking a death sentence) (emphasis added), *cert. denied,* --- U.S. ----, 115 S.Ct. 151, 130 L.Ed.2d 90 (1994).

Although this circuit has not decided the issue, the most relevant Eleventh Circuit case seems to comport with the majority view that habeas courts have the power to bar retrial or resentencing. In *Moore v. Zant,* this court interpreted a conditional habeas order not to prohibit the state from subsequent capital resentencing. Explaining the effect of the typical conditional habeas order, the court stated that after a successful habeas petitioner is released from custody "the state may *ordinarily* still rearrest and reprosecute that person," and that the grant of the writ "does not *usually* adjudicate the constitutionality of future state acts directed at the petitioner." 972 F.2d at 320 (emphases added). Evidently, then, the court was of the opinion that habeas courts could, under certain circumstances, permanently bar reprosecution or resentencing.

I would hold that it is within the broad habeas power of a federal court to issue an order permanently barring the state from retrying or resentencing the petitioner. Indeed, in some cases this may be the only effective form of habeas relief. For example, if the basis for granting habeas relief is a violation of the petitioner's Fifth Amendment Double Jeopardy rights or insufficiency of the evidence, then barring a new trial would be the only way to prevent the state from iterating the constitutional violation. Similarly, a prisoner's Sixth Amendment speedy trial rights would be rendered meaningless if, even after a successful habeas petition asserting these rights, he or she could be tried or sentenced at the will of the state.

Of course, to recognize that this extreme remedy is authorized is not to condone its routine use; habeas courts must exercise discretion. Other courts to have recognized the authority of habeas courts to impose permanent bars on retrial or resentencing sensibly have limited the circumstances in which this form of relief would be appropriate. *See Capps,* 13 F.3d at 352-53 (generally should be reserved for cases in which the "constitutional violation ... cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust"); *Foster,* 9 F.3d at 727 ("suitable only in certain situations, such as when a retrial itself would violate the petitioner's constitutional rights").

We need not now define the circumstances in which such relief would be warranted, however, because the claim that the district court abused its discretion by mandating the conditional imposition

of a life sentence is not properly before this court. The State admits that it did not challenge the form of relief specified in the habeas appeal on its previous appeal to the Eleventh Circuit.[8] It is not necessary, therefore, for this court to determine whether the district court abused its discretion by mandating the conditional bar to retrial on the facts of this case; the form of relief granted became the law of this case when the State failed to challenge it on the initial appeal.

This is precisely the situation confronted by the Tenth Circuit in both *Capps* and *Burton*. In each of those cases, the court held that the state had waived any challenge to the habeas remedy of permanent discharge. *Capps,* 13 F.3d at 353; *Burton,* 975 F.2d at 693-94. In fact, in *Capps* the court recognized that "because nothing in the record suggests the constitutional violation was not redressable in a new trial, the district court apparently abused its discretion [by issuing a writ barring retrial]." 13 F.3d at 353. Nevertheless, because the state did not challenge the remedy in its initial appeal of the grant of habeas to the Tenth Circuit, the court held that it was precluded from reviewing the form of habeas relief granted by the district court. *Id.* I would follow the approach of the Tenth Circuit, finding it dispositive that the district court was acting within the scope of its habeas authority.

### III.

The State in this case not only failed to resentence Cave in

---

[8]The State challenged only the substantive (*i.e., Strickland*) basis for granting the writ.

the time allotted but also failed to challenge the valid habeas remedy granted by the district court in the first Eleventh Circuit appeal. As a result, Cave should be sentenced to life imprisonment.

I respectfully DISSENT.